Argued and submitted June 30, dismissed September 9, 1981

PENDER, dba Hermiston Home Builders,
*Petitioner,*

*v.*

BUILDERS BOARD et al,
*Respondents.*

(CA 16635, SC 27589)

633 P2d 780

Peter H. Wells, Pendleton, argued the cause and filed the briefs for petitioner.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent Builders Board. On the briefs were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

No appearance for E & E Specialties, Inc.

PER CURIAM.

## PER CURIAM

In an original proceeding in the Court of Appeals, the petitioner, Leava Pender, dba Hermiston Home Builders, sought judicial review of the validity of a rule of the Builders Board, Oregon Administrative Rule (OAR) 812-11-020(2). The rule was "affirmed without opinion." 49 Or App 843, 622 P2d 1159 (1980). Petitioner filed a petition for review with the Supreme Court in January 1981. OAR 812-11-020, however, was amended in November 1980. We were not informed of the amendment and discovered it after oral argument.

Both versions of OAR 812-11-020 interpret ORS 701.010(6) which excludes certain persons from the statutory definition of "builder."[1] ORS 701-010(6) states:

"This chapter does not apply to:
"* * * * *.

"(6) A person performing work on a property that person owns, whether occupied by that person or not, or a person performing work on that person's residence, whether or not that person owns the residence.
"* * * * *."

The original version of OAR 812-11-020(2), which petitioner challenged, read:

"Individuals doing work, otherwise that of a builder under ORS Chapter 701, shall not be required to register with the Builders Board where:
"* * * * *.

"(2) The work is being performed by the owner or tenant of a residence, for his personal use when such structure is not intended or offered for sale;
"* * * * *."

The rule, as amended, reads:

"(2) ORS 701.010(6) does not apply to an entity performing work on a structure owned by that entity if such work is performed speculatively."

---

[1] "(2) 'Builder' means a person who, in the pursuit of an independent business, undertakes or offers to undertake or submits a bid, to construct, alter, repair, improve, move or demolish a structure or to perform any work in connection with the construction, alteration, repair, improvement, moving or demolition of a structure, and the appurtenances thereto, except landscaping and law sprinkling systems." ORS 701.005.

The issue raised by petitioner was whether the original rule, which excludes from registration requirements owners or tenants who build on their property without the intention of sale, conflicts with the statutory exclusion.

The rule the petitioner challenged provided that one is not required to register if one is the owner or tenant and the structure upon which the work is to be performed is not to be offered for sale. She contends that by implication the rule also requires owners and tenants who build on their property with the intention of sale, i.e., "spec" builders, to register with the Builders Board. The exclusion expressed in the rule was narrower than that provided in ORS 701.010(6) which provides that the statute does not apply if the person owns the property or occupies it as a residence.

The challenged rule, however, does not by its express terms apply to "spec" builders. By excluding from registration owners and tenants who perform work on a structure not intended for sale, the rule does not necessarily include among those persons who must register, owners and tenants who build on their property with the intention of sale. The rule is silent on this issue. Therefore, if the Board is asserting jurisdiction over "spec" builders, it may be doing so under the statutory grant of authority rather than pursuant to the rule. The propriety of doing so is not a proper subject for review under ORS 183.400. ORS 183.400 allows a person to bring an original proceeding in the Court of Appeals to determine the validity of an administrative rule but not otherwise to secure an interpretation of a statute.

The amended rule is broader in scope than the rule challenged by petitioner. The amended rule provides that the statutory exemption, ORS 701.010(6), exempting owners or residential tenants does not apply "if such work is performed speculatively." The validity of the amended rule under the organic statute, is a different issue from that presented by the petitioner. For this reason, review was improvidently granted and the case is dismissed.