## OREGON BANKERS ASSOCIATION;
Associated Oregon Industries, Inc.;
Oregon Retail Council; Oregon Credit Union League;
National Federation of Independent Business;
Oregon League of Financial Institutions;
State Chartered Banks of Oregon,
*Petitioners,*

*v.*

## STATE OF OREGON,
acting by and through the
BUREAU OF LABOR AND INDUSTRIES,
*Respondent,*

DEPARTMENT OF JUSTICE,
*Intervenor - Respondent.*

(CA A50241)

796 P2d 366

James L. Murch, Salem, argued the cause for petitioners. On the brief were John A. Bryan and Sherman, Bryan, Sherman, Murch & Knapp, Salem.

Timothy J. Vanagas, Gresham, argued the cause for respondent. On the brief were Jennings & Vanagas, Gresham, and Lawrence Evans, Michael S. Evans and Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland.

Jerome Lidz, Assistant Attorney General, Salem, argued the cause for intervenor-respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ralph E. Wiser III, Elizabeth McKanna, John S. Bishop II and Durham, Smith, Wiser & Gamson, Portland, filed a brief *amicus curiae* for Oregon Education Association and Oregon AFL-CIO.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Petitioners[1] challenge the validity of three administrative rules adopted after enactment of the Parental Leave Law (the statute) in 1987.[2] We uphold the validity of two of the challenged rules but conclude that one is invalid in part.

The statute mandates unpaid parental leave for up to 12 weeks after the birth of an employee's[3] infant. ORS 659.360(1); ORS 659.360(6).[4] The legislature directed the Commissioner of the Bureau of Labor and Industries (BOLI) to enforce the statute. ORS 659.365(1).[5] BOLI has promulgated rules: OAR 839-07-800 through OAR 839-07-875. Petitioners contend that three of those rules exceed BOLI's statutory authority. ORS 183.400(4)(b).[6]

■ The first rule petitioners attack provides, in relevant part:

"The statute anticipates unpaid parental leave, but gives the employe[7] the right to use accumulated leave of any kind.

---

[1] Petitioners are trade associations of Oregon employers. The Department of Justice intervened as a respondent to defend its opinion that two of the challenged rules are invalid. *See* Op Att'y Gen 8195 (1988). Unless otherwise indicated, references to "petitioners" include the Department of Justice.

[2] The statute is codified at ORS 659.360 through ORS 659.370.

[3] Employers who employ fewer than 25 persons immediately before the first day of parental leave, ORS 659.360(10)(c), or who offer a nondiscriminatory "cafeteria plan," as defined by Section 125 of the Internal Revenue Code of 1986, providing as an option a parental leave benefit that is at least equivalent to the benefit required by the statute, ORS 659.360(10)(d), are not required to provide parental leave under the statute.

Employees who are employed by the employer for fewer than 90 days immediately before the first day of parental leave, ORS 659.360(10)(a), or are employed by the employer on a seasonal or temporary basis for a period of time defined at the time of hire to be less than six months, ORS 659.360(10)(b), are not entitled to parental leave under the statute. *See* note 10, *infra,* and accompanying text.

[4] Additional leave is provided in the case of infants born prematurely. ORS 659.360(1)(a). An employee who adopts a child under six years of age is entitled to parental leave for all or part of the 12-week period after the employee takes physical custody of the child. ORS 659.360(1)(b).

[5] *See also* ORS 651.050 and ORS 651.060(4).

[6] ORS 183.400(4)(b) provides:

"The court shall declare the rule invalid only if it finds that the rule:

"* * * * *

"(b) Exceeds the statutory authority of the agency."

[7] The spelling of "employee" in the statute differs from the spelling of "employe" in the rule. We adopt the former.

It also provides that the employer may require the parent to use accumulated leave in accordance with a bargaining agreement or established policy." OAR 839-07-850(1).

The first clause of the rule rests on ORS 659.360(6), which provides, in relevant part:

"The parental leave required by subsection (1) of this section is not required to be granted with pay."

The remaining language in the rule rests on ORS 659.360(3), which provides:

"The employee seeking parental leave shall be entitled to utilize any accrued vacation leave, sick leave or other compensatory leave, paid or unpaid, during the parental leave. The employer may require the employee seeking parental leave to utilize any accrued leave during the parental leave unless otherwise provided by an agreement of the employer and the employee, by collective bargaining agreement or by employer policy."

To the extent that an administrative rule is contrary to statutory policy, it is invalid, because it "exceeds the statutory authority of the agency" within the meaning of those words in ORS 183.400(4)(b). *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 573, 687 P2d 785 (1984). On its face, the challenged rule does nothing more than paraphrase the statute. It is not contrary to legislative intent.[8]

Much of the argument in the briefs is about how BOLI might apply the challenged rule. BOLI argues that the statute allows an employee on parental leave to use various other types of accrued leave,[9] even though an employee has not satisfied the underlying requirements for their use specified by an employment agreement, collective bargaining agreement or employer policy. Petitioners argue that the statute allows an employee on parental leave to use other types of accrued leave only to the extent authorized by an employment

---

[8] The rule uses the word "accumulated"; the statute uses "accrued." Neither word is defined in either the rules or the statute. Neither BOLI nor petitioners attach any significance to the difference in terminology and, for purposes of this opinion, we see none.

[9] Traditional types of leave include sick leave and vacation leave. However, the statute recognizes that other types of leave may be available and subsumes them under the phrase "other compensatory leave, paid or unpaid." ORS 659.360(3).

agreement, collective bargaining agreement or employer policy.

■ ■   Our review under ORS 183.400 does not allow us to analyze the validity of a rule *as applied.* We are charged with determining the validity of an administrative rule *as it is written. See Planned Parenthood Assn. v. Dept. of Human Res., supra,* 297 Or at 573 n 7; *Pender v. Builders Board,* 291 Or 562, 565, 633 P2d 780 (1981). Our review is limited to an examination of the rule, applicable statutes and copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures. ORS 183.400(3); *Hay v. Dept. of Transportation,* 301 Or 129, 137, 719 Or 860 (1986). The proper setting for testing application of a rule that is valid on its face is in a contested case. The rule, on its face, is valid.

■   The second rule that petitioners attack provides, in relevant part:

> "A parent working for a covered employer * * * is entitled to up to twelve (12) weeks unpaid parental leave * * *. This twelve (12) week period shall be reduced by the parental leave taken by the other parent of the child, provided that the other parent also works for a covered employer and has requested parental leave." OAR 839-07-820(1).

The statute supporting the rule, ORS 659.360(2), provides, in relevant part:

> "The employer is not required to grant to an employee parental leave which would allow the employee and the other parent of the child, if also employed, parental leave totaling more than the amount specified [in this statute, generally 12 weeks]."

The statute allows an employer to offset the amount of parental leave an employee takes under the statute by the amount of parental leave taken by the other parent, if that other parent is "also employed." The issue is whether the offset provision applies if, and only if, both parents work for what BOLI refers to as "covered employers."[10] Petitioners

---

[10] The term "covered employer" is not in the statute. BOLI's rules adopt the definition of "employer" in ORS 659.010(6), "except as described in OAR 839-07-815 and these rules." OAR 839-07-805(23). OAR 839-07-815(1) provides:

> "ORS 659.360 applies to employers with 25 or more employes on the day before the first day of the parental leave of absence. Such an employer is a 'covered employer,' as used in these rules. '25 or more employes' shall mean 25 or more

read the statute to allow an employer to offset the parental leave an employee takes under the statute by the amount of parental leave the other parent takes, regardless of whether the other parent works for a "covered employer." We agree.

The statute applies to the other parent if that other parent is "also *employed*." (Emphasis supplied.) On its face, the statute requires only that the other parent taking parental leave be employed by *some* employer, not just by an employer to which the statute applies. The legislature could have inserted a modifying phrase, such as "employed by an employer covered by this statute," if that had been its intent. It did not.

BOLI argues that the notification procedures of ORS 659.360(4), under which employees give employers a proposed parental leave schedule, require that both employers be subject to the statute.[11] It argues that it would lack any enforcement power over the employer that is not required to provide parental leave under the statute, if we interpret the statute to allow offsets as contemplated by petitioners. To bolster its argument, BOLI urges us to construe the term "parental leave" in ORS 659.360(2) to mean "statutorily-mandated parental leave" but fails to provide any compelling textual or structural argument to indicate that the legislature intended that construction. We observe that the legislature did not modify the term "parental leave" in ORS 659.360(2) but did so in ORS 659.360(6).[12] That subsection refers to "parental leave *required by subsection (1) of this section*." (Emphasis supplied.)

---

part-time or full-time employes in Oregon on the day before the first day of the parental leave. 'Part-time or full-time employes in Oregon' does not include seasonal or temporary employes hired for a period of time defined at hire to be less than six months. 'Part-time or full-time employes in Oregon' includes all employes other than seasonal or temporary, and includes those who have been employed by the employer for fewer than 90 days."

*See* note 3, *supra*.

[11] ORS 659.360(4) allows an employer to require an employee to give written advance notice of the dates when each parent intends to take parental leave and also requires both parents to adhere to the dates set forth in the notice, subject to certain exceptions.

[12] ORS 659.360(6) provides:

"The parental leave required by subsection (1) of this section is not required to be granted with pay unless so specified by agreement of the employer and employee, by collective bargaining agreement or by employer policy."

■ Because the statute does not define "employed" or "parental leave," we give the words their ordinary meaning. *Perez v. State Farm Mutual Ins. Co.,* 289 Or 295, 299, 613 P2d 32 (1980). An agency has no authority to expand or to contract the meaning or coverage of a statute. *Miller v. Employment Division,* 290 Or 285, 289, 620 P2d 1377 (1980). Because OAR 839-07-820(1) conditions the applicability of ORS 659.360(2) on circumstances not provided by statute, it exceeds BOLI's authority and is invalid to that extent.

■ The third rule that petitioners[13] challenge raises the issue of the duration of an employer's obligation to reinstate an employee who returns from parental leave. ORS 659.360(8) provides, in relevant part:

> "Upon the termination of the parental leave of absence of the employee under this section, an employee shall be restored to the [employee's] former or an equivalent job * * *. If the employer's circumstances have so changed that the employee cannot be reinstated to the former or equivalent job, the employee shall be reinstated in any other position which is available and suitable."

The challenged rule provides:

> "The parent is not required to accept a job which is not suitable when offered under section (6) of this rule. If the employer has no suitable position available or if a parent refuses an unsuitable job, the employer has not met its obligation under ORS 659.360 and the employer must offer a suitable job, or the former or an equivalent job, whichever is first available." OAR 839-07-860(8).

Petitioners, in essence, argue that the obligation to reinstate exists only at the moment when the employee seeks to return to work. If there is no position available at that precise moment, petitioners take the view that the employer's obligation is satisfied. BOLI takes the position that the employer's obligation continues. We agree with BOLI.

ORS 659.360(8) creates an absolute obligation on an employer to reinstate an employee to any position that is available and suitable, if it is impossible for the employee to

---

[13] The Department of Justice takes no position regarding this rule.

return to the employee's former or equivalent position. If petitioners' position is correct, the right to reinstatement to suitable and available employment is more limited than the comparable right under different statutes that use the same language.

The Workers' Compensation Law provides that a worker who sustains a compensable injury must be reinstated to a former position on demand, provided that the position is available and the worker is not disabled from performing it. If the former position is not available, "the worker shall be reinstated in any other position which is available and suitable." ORS 659.415(1). BOLI construes that statute as requiring the employer to provide the worker a suitable position when one becomes available and as permitting the worker to take a different job while waiting for a suitable job to become available without losing that right. OAR 839-06-150(3)(c). "[T]he employer's obligation continues until the employe is reinstated or the right is otherwise extinguished." *Spurgeon v. Stayton Canning Company,* 92 Or App 566, 570, 759 P2d 1104 (1988). In discussing the identical requirement of ORS 659.420(1), we stated that it "unambiguously requires that, on demand of an injured employe, the employer *must* offer the employe a suitable job *when it becomes available.*" *Robinson v. School District No. 1,* 92 Or App 627, 630, 759 P2d 1116 (1988). (First emphasis in original; second emphasis supplied.)

The legislature adopted ORS 659.420 in 1987, before our opinions in *Spurgeon v. Stayton Canning Company, supra,* and *Robinson v. School District No. 1, supra.* However, in *Carney v. Guard Publishing Co.,* 48 Or App 147, 152, 616 P2d 548, *modified* 48 Or App 927, 630 P2d 867, *rev den* 290 Or 171 (1980), we had suggested that interpretation of "available and suitable." BOLI adopted OAR 839-06-150 and the related rules in 1983. There is no reason to think that the legislature intended the phrase to have a different meaning in the Parental Leave Law than it had in the Workers' Compensation Law. The challenged rule correctly states that meaning. It is, therefore, a valid interpretation of the statute.

OAR 839-07-850(1) held valid; OAR 839-07-820(1) held invalid to the extent that it limits offset provision to cases where both parents are employed by "covered employers" as defined by rule; OAR 839-07-860(8) held valid.