Argued and submitted August 30, decision of the Court of Appeals and order of the Bureau of Labor and Industries affirmed October 19, 1993

# PORTLAND GENERAL ELECTRIC COMPANY,
*Petitioner on Review,*

*v.*

# BUREAU OF LABOR AND INDUSTRIES,
*Respondent on Review.*

(BOLI 03-89; CA A51280; SC S39897)

859 P2d 1143

John R. Faust, Jr., of Schwabe, Williamson & Wyatt, Portland, argued the cause for petitioner on review. With him on the petition was Julie A. Keil, Portland.

Timothy J. Vanagas, Gresham, argued the cause for respondent on review. With him on the response were Lawrence I. Evans, and Michael S. Evans, of Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland.

Monica A. Smith and Elizabeth McKanna, of Bennett & Hartman, Portland, filed a brief for *amici curiae* IBEW Local 125, Oregon Education Association, AFSCME Council No. 75, and Oregon AFL-CIO.

Mark B. Comstock, of Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem, filed a brief for *amicus curiae* Salem-Keizer School District 24J.

Keelin A. Curran, of Cable, Langenbach, Henry & Kinerk, Seattle, Washington, filed a brief for *amici curiae* Northwest Women's Law Center and The Women's Rights Coalition of Oregon.

Before Carson, Chief Justice, and Peterson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Portland General Electric Company (PGE) seeks review of a decision of the Court of Appeals affirming a Bureau of Labor and Industries (BOLI) order which held that PGE had engaged in an unlawful employment practice by denying an employee's request to use accrued paid sick leave as part of the parental leave that he was authorized to take under ORS 659.360.[1] *PGE v. Bureau of Labor and Industries*, 116 Or App 356, 842 P2d 419 (1992). The issue is whether ORS 659.360 allows an employee to utilize accrued paid sick leave as part of parental leave, even though the employee has not met the conditions of sick leave eligibility contained in the collective bargaining agreement. We conclude that ORS 659.360(3) allows an employee to do so. Accordingly, we affirm.

We review BOLI's order to determine whether the agency correctly interpreted the statute. *See* ORS 183.482 (8)(a) (setting standard).

The employee is employed by PGE and is a member of the International Brotherhood of Electrical Workers (IBEW), a union with a collective bargaining agreement with PGE. In March 1988, the employee requested 12 weeks of parental leave in connection with the birth of his child. To make up the 12 weeks, he sought to use two weeks of accrued paid vacation leave, three days of accrued paid sick leave available for elective surgery, and nine weeks and two days of

---

[1] ORS 659.360 provides in part:

"(1) It shall be an unlawful employment practice for an employer to refuse to grant an employee's request for a parental leave of absence for:

"(a) All or part of the time between the birth of that employee's infant and the time the infant reaches 12 weeks of age * * *[.]

"* * * * *

"(3) The employee seeking parental leave shall be entitled to utilize any accrued vacation leave, sick leave or other compensatory leave, paid or unpaid, during the parental leave. The employer may require the employee seeking parental leave to utilize any accrued leave during the parental leave unless otherwise provided by an agreement of the employer and the employee, by collective bargaining agreement or by employer policy.

"* * * * *

"(6) The parental leave required by subsection (1) of this section is not required to be granted with pay unless so specified by agreement of the employer and employee, by collective bargaining agreement or by employer policy."

other accrued paid sick leave. PGE denied the request, relying on the collective bargaining agreement which provided that sick leave was to be used only when an employee was actually sick or injured, or for routine medical or dental exams.

The employee filed a complaint with BOLI, complaining of an unlawful employment practice under ORS 659.360. PGE responded that ORS 659.360(3) should be construed to mean that an employee may use accrued paid sick leave during parental leave only if the employee is sick, as defined by the collective bargaining agreement. After a hearing, BOLI ruled in favor of the employee, concluding that an employee's right to use any accrued paid or unpaid sick leave as parental leave was not conditioned by any limitation found in the collective bargaining agreement.[2] PGE petitioned for judicial review.

The Court of Appeals *in banc* affirmed BOLI's order in a 5-4 decision. The majority of that court concluded that the language of ORS 659.360(3) unambiguously supports BOLI's interpretation:

> "[The statute] says that an employee 'shall be entitled to utilize *any accrued* * * * sick leave * * * during the parental leave.' (Emphasis supplied.) 'Entitled to utilize' must mean 'has a right to use.' The only limit on that right to use sick leave during a parental leave is that the leave have accrued. Period. The provision simply says that, if the leave is accrued, the employee has a right to use it during the parental leave. That should be the end to a simply statutory question." *PGE v. Bureau of Labor and Industries, supra,* 116 Or App at 359.[3]

Chief Judge Joseph, joined by Judges Richardson and Warren, dissented. Chief Judge Joseph also concluded that ORS 659.360(3) is unambiguous. However, he read the statute to support PGE's interpretation:

> "The majority goes on to extrapolate * * * a holding that the accrued sick leave may be used *as* paid parental leave. The

---

[2] BOLI's order directed PGE to compensate the employee for the value of the nine weeks and two days of accrued sick leave that BOLI found should have been paid, plus $2,000 compensatory damages for the employee's mental anguish and distress caused by PGE's unlawful employment practice.

[3] The majority further concluded that, to the extent that there is any ambiguity, the legislative history of the statute supports BOLI's interpretation.

statute simply does not say that. It says that the accrued sick leave may be used *during* the parental leave. Nothing in the language of the statute even remotely suggests that accrued sick leave may be applied to a kind of leave other than the one for which it *has accrued* simply by reason of a happenstance that the employee is enjoying a different kind of leave while some of the accrued sick time remains." *Id.* at 364 (Joseph, C. J., dissenting) (emphasis in original).

Judge Edmonds also dissented. He concluded that ORS 659.360(3) is ambiguous, but that its legislative history supports PGE's interpretation. *Id.* at 365 (Edmonds, J., dissenting). PGE petitioned for review in this court.

■ PGE contends that the Court of Appeals erred in holding that ORS 659.360(3) requires an employer to allow an employee to use accrued paid sick leave during a parental leave, even though under the collective bargaining agreement the employee would not be entitled to use that paid sick leave unless he was actually sick or injured or was using it for routine medical or dental exams. PGE argues that in the context of this case the phrase "The employee * * * shall be entitled to utilize any accrued vacation leave, sick leave or other compensatory leave * * * during the parental leave" should be construed to mean that the employee could use such accrued leave only if the employee would be eligible to use that leave at that time because he actually was sick or injured, or for routine medical or dental exams. Thus, PGE asserts, the first sentence of ORS 659.360(3) may be conditioned by a limitation found in a collective bargaining agreement.

■ In interpreting a statute, the court's task is to discern the intent of the legislature. ORS 174.020; *State v. Person*, 316 Or 585, 590, 853 P2d 813 (1993); *Teeny v. Haertl Constructors, Inc.*, 314 Or 688, 694, 842 P2d 788 (1992). To do that, the court examines both the text and context of the statute. *State v. Person, supra*, 316 Or at 590; *Southern Pacific Trans. Co. v. Dept. of Rev.*, 316 Or 495, 498, 852 P2d 197 (1993). That is the first level of our analysis.

■■ In this first level of analysis, the text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent. *State v. Person, supra*, 316 Or at 590; *State ex rel Juv. Dept. v. Ashley*, 312 Or

169, 174, 818 P2d 1270 (1991). In trying to ascertain the meaning of a statutory provision, and thereby to inform the court's inquiry into legislative intent, the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including, for example, the statutory enjoinder "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010. Others are found in the case law, including, for example, the rule that words of common usage typically should be given their plain, natural, and ordinary meaning. *See State v. Langley*, 314 Or 247, 256, 839 P2d 692 (1992) (illustrating rule); *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32 (1980) (same).

■  Also at the first level of analysis, the court considers the context of the statutory provision at issue, which includes other provisions of the same statute and other related statutes. *Southern Pacific Trans. Co. v. Dept. of Rev., supra,* 316 Or at 498; *Sanders v. Oregon Pacific States Ins. Co.*, 314 Or 521, 527, 840 P2d 87 (1992). Just as with the court's consideration of the text of a statute, the court utilizes rules of construction that bear directly on the interpretation of the statutory provision in context. Some of those rules are mandated by statute, including, for example, the principles that "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all," ORS 174.010, and that "a particular intent shall control a general one that is inconsistent with it," ORS 174.020. Other such rules of construction are found in case law, including, for example, the rules that use of a term in one section and not in another section of the same statute indicates a purposeful omission, *Emerald PUD v. PP&L*, 302 Or 256, 269, 729 P2d 552 (1986), and that use of the same term throughout a statute indicates that the term has the same meaning throughout the statute, *Racing Com. v. Multnomah Kennel Club*, 242 Or 572, 586, 411 P2d 65 (1966).

If the legislature's intent is clear from the above-described inquiry into text and context, further inquiry is unnecessary.

■  If, but only if, the intent of the legislature is not clear from the text and context inquiry, the court will then move to the second level, which is to consider legislative history to

inform the court's inquiry into legislative intent. *State ex rel Juv. Dept. v. Ashley, supra*, 312 Or at 174-75. *Compare State v. Trenary*, 316 Or 172, 178 n 5, 850 P2d 356 (1993) ("Although we need not resort to legislative history, it confirms our conclusion."). When the court reaches legislative history, it considers it along with text and context to determine whether all of those together make the legislative intent clear. *State ex rel Juv. Dept. v. Ashley, supra*, 312 Or at 174-80. If the legislative intent is clear, then the court's inquiry into legislative intent and the meaning of the statute is at an end and the court interprets the statute to have the meaning so determined.

■■ If, after consideration of text, context, and legislative history, the intent of the legislature remains unclear, then the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty. *See State ex rel Juv. Dept. v. Ashley, supra*, 312 Or at 192 & n 19 (Unis, J., dissenting) (asserting that maxims of statutory construction come last in the analysis). Although some of those maxims of statutory construction may be statutory, *see, e.g.*, ORS 174.030 (natural rights), others more commonly may be found in case law. Those include, for example, the maxim that, where no legislative history exists, the court will attempt to determine how the legislature would have intended the statute to be applied had it considered the issue. *Security State Bank v. Luebke*, 303 Or 418, 423, 737 P2d 586 (1987).[4]

We turn to the text and context of the disputed provision of ORS 659.360(3). ORS 659.360 *et seq*, the Parental Leave Law, was enacted in 1987. Or Laws 1987, ch 319, § 2. The first sentence of ORS 659.360(3) provides:

> "The employee seeking parental leave shall be entitled to utilize any accrued vacation leave, sick leave or other compensatory leave, paid or unpaid, during the parental leave."

---

[4] The same structure outlined above applies, not only to statutes enacted by the legislature, but also to the interpretation of laws and constitutional amendments adopted by initiative or referendum, as well as to the interpretation of regulations. *See Roseburg School Dist. v. City of Roseburg*, 316 Or 374, 378-79 & n 5, 851 P2d 595 (1993) (constitutional initiative, drawing the express comparison to interpretation of statutes and regulations); *Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993) (interpreting a regulation).

The second sentence of that statute provides:

"The employer may require the employee seeking parental leave to utilize any accrued leave during the parental leave unless otherwise provided by an agreement of the employer and employee, by collective bargaining agreement or by employer policy."

Unlike the second sentence of ORS 659.360(3), the first sentence of that statute makes no reference to an agreement of the employer and employee, to any collective bargaining agreement, or to any employer policy. Nonetheless, PGE argues that if the legislature had intended the first sentence of ORS 659.360(3) to override an existing collective bargaining agreement, it would have used words in the first sentence like "notwithstanding any collective bargaining agreement." We are not persuaded by PGE's argument.

Both of the sentences in ORS 659.360(3) are *empowerment* sentences. The second sentence *empowers* the employer to compel an employee taking parental leave "to utilize any accrued leave." Thus, if an employee has accrued leave, the employer could require the employee to utilize that accrued leave during the parental leave, "unless otherwise provided by an agreement of the employer and the employee, by collective bargaining agreement or by employer policy." ORS 659.360(3).

The reciprocal power, granted to the employee by the first sentence of ORS 659.360(3), permits the employee, at the employee's option, to do what the employer may require the employee to do. The employee may require the employer to let the employee "utilize" any accrued vacation leave, sick leave or other compensatory leave, paid or unpaid, during the parental leave. As noted, the first sentence of the statute does not contain any limitation on the employee's rights imposed under the provisions of a collective bargaining agreement.

In sum, the employer may *require* the employee seeking parental leave to utilize any accrued leave during parental leave, unless otherwise provided by an agreement of the employer and the employee, by collective bargaining agreement, or by employer policy, even if the employee is not on vacation or sick or does not wish to use accrued leave during the parental leave. Similarly, the employee may

*require* the employer to let the employee utilize any accrued vacation leave, sick leave, or other compensatory leave, paid or unpaid during the parental leave, even if the employee is not on vacation or sick, and even if the employer does not want to do so. If the legislature had wanted to make the use of accrued leave during parental leave subject to any preconditions in an existing collective bargaining agreement, it easily could have done so by including in the first sentence of ORS 659.360(3) the same qualifying language that presently is found only in the second sentence of that subsection. The legislature knows how to include qualifying language in a statute when it wants to do so.[5] It did not do so here.

We conclude that the text and context of ORS 659.360(3) unambiguously allows an employee to use accrued leave, paid or unpaid, during the parental leave, even if the employee has not met the conditions of leave eligibility contained in an existing collective bargaining agreement. We hold that, if sick leave is accrued, the employee has the right, under ORS 659.360(3), in the employee's discretion, to use such accrued sick leave during parental leave taken pursuant to ORS 659.360. By providing a single precondition for the use of sick leave during parental leave, *i.e.*, that the leave has "accrued," the legislature did not limit the use of accrued sick leave to sick leave that the employee otherwise would be entitled to use only in a manner consistent with the terms of a collective bargaining agreement.

The decision of the Court of Appeals and the order of the Bureau of Labor and Industries are affirmed.

---

[5] *See, e.g.*, ORS 659.360(3) (employer may require employee to use any accrued leave during parental leave); ORS 659.360(6) (parental leave not required to be paid leave); ORS 659.360(8) (benefits not required to accrue during parental leave; employer not required to discharge any employee in order to reinstate employee returning from parental leave to any job other than former or equivalent job); ORS 659.360(11) (statute is not intended to reduce employee's parental leave rights under other agreement or employer policy).