DECISION
Plaintiff appeals Defendant's Notice of Refund Denial dated October 10, 2008, for tax year 2004 and Notices of Proposed Refund Adjustment, dated October 13, 2008, for tax years 2005 and 2006. The parties submitted cross motions for summary judgment. The above-entitled matter is now ready for decision.
 I. STATEMENT OF FACTS
The parties agree that during 2004, 2005, and 2006, Plaintiff was a graduate teaching fellow (GTF) at the University of Oregon. A graduate student is eligible for a GTF position during the academic year if she is "enrolled for 9+ graduate credits and [is] admitted to one of the University's doctoral or master's programs." (Def's Ex A.) "GTF is not an explicit academic requirement." (Id.) *Page 2 
 "GTFs are hired to work .20 — .49 FTE. All are compensated in the following ways:
 "Each receives a monthly salary (minimum pay rates are established via collective bargaining):[1]
 "Each receives a tuition waiver for 9-16 credits;
 "Each receives a partial fee remission (GTFs currently pay $150 of the mandatory fees each term, the University pays the remainder); and
 "Each is offered insurance coverage, the premiums for which are currently paid in-full or in-part by the University depending on their insurance enrollment status." (Id.)
"The income for the Graduate Teaching Fellow is reported by the University of Oregon as wages on a W-2 form and withholding tax is paid." (Def's Answer at 2; Def's Ex B.) The parties agree that the income was included in Plaintiff's taxable income. The parties accept that Plaintiff used the income for housing expenses.
Plaintiff alleges that the income qualifies for the scholarship award used for housing expense deduction set forth in ORS 316.846 because the income is a scholarship. Plaintiff concludes that the "GTF award is a scholarship" because, in the words of the former Department Head of the Department of Economics at the University of Oregon during 2006 and 2007, it "is primarily determined on the basis of merit * * * [and is] provided to graduate students as compensation for teaching instruction." (Ptf's Mot of Summ J at 2; Ptf's Ex 2.) Plaintiff concludes that because the award is "paid to a graduate student at the University of Oregon to aid the individual in pursuing his or her studies[,] * * * it is a scholarship under the federal definition (citing section 1.117-3 definitions)." (Ptf's Mot of Summ J at 2.) Defendant concludes that the income is not a scholarship or grant and it does not qualify "for the * * * subtraction" because *Page 3 
the income is "compensation for services rendered (wages)." (Def's Answer at 2; Def's Resp to Mot for Summ J at 1.)
 II. ANALYSIS
Plaintiff alleges that her graduate teaching fellow award included in taxable income meets the statutory requirements of ORS 316.846[2] which provides in part that:
 "There shall be subtracted from federal taxable income amounts received from a scholarship awarded to the taxpayer * * * that are used for housing expenses of the scholarship recipient at the time the scholarship recipient is attending an accredited community college, college, university or other institution of higher education."
At issue is whether Plaintiff's award is a scholarship. ORS 316.846 does not define scholarship.
As this court previously noted, "[t]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007."Ellison v. Dept. of Rev., TC-MD No 041142D, WL 2414746 *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal definition for exclusions, including those allowed under section 117 of the IRC for scholarship and fellowship grants.[3]
Scholarships, fellowships, and other educational receipts, referred to collectively as awards, are generally excludible from gross income if the following occurs: (1) the award is received by an individual who is a candidate for a degree at a qualified educational institution, which (2) maintains a regular faculty and curriculum and normally has a regularly enrolled body of students in attendance at the school's educational facilities. IRC § 117. The definition of *Page 4 
qualifying award "is any amount received by an individual as a scholarship or fellowship grant to the extent the individual establishes that, in accordance with the conditions of the grant, such amount was used for qualified tuition and related expenses." IRC § 117(b)(1). The term "`qualified tuition and related expenses' [includes] (A) tuition and fees required for the enrollment or attendance of a student at an educational organization described in [IRC] section 117(b)(1)(A)(ii); and (B) fees, books, supplies, and equipment required for courses of instruction at such an educational organization." IRC § 117(b)(2). Awards used for room, board, or incidental expenses are not considered qualified tuition and related expenses and are includible in gross income. In contrast, for an award to be deducted from Oregon taxable income, the award must be "used for housing expenses of the scholarship recipient at the time the scholarship recipient is attending an accredited community college, college, university or other institution of higher education." ORS 316.846.
In the case before the court, Plaintiff alleges that her award was used for housing expenses. Such a use is not permitted under IRC section117(b)(2). Plaintiff's award does not meet the IRC statutory definition of scholarship and is not excludible from federal taxable income.
Having failed to meet the statutory definition of IRC section 117(b)(1) for purposes of excluding income from taxation, the question remains whether Plaintiff's award is a "scholarship," and having asserted that the "scholarship" was used for housing expenses whether the "scholarship" can be subtracted from Oregon taxable income. "Scholarship" is not defined in the Oregon Revised Statutes or OAR 150-316.846.[4] In construing statutes, the court follows the leading case on statutory interpretation, Portland General Electric Company v. Bureau of Labor *Page 5 and Industries (PGE), 317 Or 606, 859 P2d 1143 (1993). PGE directs the court to accept the plain meaning of a statute and "that words of common usage typically should be given their plain, natural, and ordinary meaning." Id. at 611. The legislative intent is to be determined first from the text and context of the statute. Id. The "plain, natural, ordinary meaning" of "scholarship' is "a sum of money or its equivalent offered (as by an educational institution, a public agency, or a private organization or foundation) to enable a student to pursue his studies at a school, college, or university." Webster's Third New Int'l Dictionary
2031 (unabridged ed 2002.) Consistent with the dictionary definition is a more general definition of scholarship or fellowship grant found in Proposed Regulations 1.117-6(c)(3):[5] a cash amount paid or allowed to, or for the benefit of, an individual to aid such individual in the pursuit of study or research.
Plaintiff describes the University of Oregon's employment offer to her as an award. Using Plaintiff's terminology, Plaintiff's award was a "sum of money offered" in exchange for her teaching services. Plaintiff's status as a student enrolled in a graduate or doctoral program and taking the minimum required credit hours gave her the opportunity to apply for employment. Plaintiff's academic success helped her secure employment. The University of Oregon's decision to hire Plaintiff and compensate her was not a disinterested "no-strings attached" act. Plaintiff received bargained-for compensation in return for teaching services rendered. If Plaintiff failed to fulfill her teaching services, compensation would have stopped even though she continued to pursue her education. There was no academic requirement that Plaintiff be a GTF; she could have earned her academic degree without teaching. Even though Plaintiff could use the award "to enable" her to pursue her studies, there is no evidence that there was any *Page 6 
restriction placed on Plaintiffs use of the compensation she received and no requirement that Plaintiff use the compensation she received to pursue her studies. Plaintiffs award was not a scholarship.
 III. CONCLUSION
After careful review of the evidence, the court concludes that Plaintiffs award was not a scholarship. Plaintiff was an employee who was compensated for teaching services rendered. If Plaintiff failed to perform under the terms of the employment contract, the income paid to Plaintiff would have ceased even if Plaintiff continued to pursue her academic degree. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs Motion for Summary Judgment is denied; and
IT IS FURTHER DECIDED that Defendant's cross-motion for summary judgment is granted.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onDecember 3, 2009. The Court filed and entered this document on December3, 2009.
[1] GTFs are members of a union and represented by the Graduate Teaching Fellows Federation for contract negotiations with the University of Oregon. (Def's Ex C.)
[2] Unless otherwise noted, all references to the Oregon Revises Statutes (ORS) are to the 2003 version.
[3] All references to the IRC and accompanying regulations are to the 1986 code, and include applicable updates, if any, to tax years 2004, 2005 and 2006.
[4] References to the Oregon Administrative Rules (OAR) are to 2003.
[5] Even though proposed regulations do not technically have any authority or precedential value, the changes made to IRC section 117 by the Tax Reform Act of 1986 (1986 TRA) are reflected in Prop. Regs. Section 1.117-6.