246 P.3d 78 (2010)
240 Or. App. 298
In the Matter of E.V., a Youth.
STATE of Oregon, Petitioner-Respondent,
v.
E.V., Appellant.
456382; Petition Number 08JV0150; A142191.
Court of Appeals of Oregon.
Argued and Submitted August 6, 2010.
Decided December 29, 2010.
Christa Obold-Eshleman argued the cause and filed the brief for appellant.
Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Before HASELTON, Presiding Judge, and ARMSTRONG, Judge, and DUNCAN, Judge.
DUNCAN, J.
This is a juvenile delinquency case in which youth appeals the juvenile court's supplemental judgment ordering him to pay restitution to an insurance carrier and the Criminal Injuries Compensation Account (the account). Youth argues that, although insurance *79 carriers and the account are "victims" for the purpose of restitution in criminal cases, they are not "victims" for the purpose of restitution in juvenile delinquency cases. For the reasons explained below, we reject youth's argument and, therefore, affirm.
The relevant facts are as follows. The state filed a petition alleging that youth was within the jurisdiction of the juvenile court for acts that, if committed by an adult, would constitute sexual abuse in the third degree. ORS 163.415. The petition alleged three counts of such acts, against three different victims. The juvenile court found that youth committed the acts as alleged. The state subsequently asked the juvenile court to order youth to pay restitution to an insurance carrier and the account for money they expended on behalf of the one of the victims for counseling. Youth objected, arguing that neither the insurance carrier nor the account qualified as a "victim" for the purpose of restitution in a juvenile delinquency case. The juvenile court rejected youth's argument and ordered him to pay restitution of $761.20 to the insurance carrier and $311.80 to the account.
On appeal, youth again argues that the insurance carrier and the account are not "victims" for the purpose of restitution in juvenile delinquency cases. Youth's argument presents a question of statutory interpretation, requiring us to determine the meaning of the term "victim" for the purpose of the juvenile restitution statute, ORS 419C.450, set out below. When interpreting a statute, our task is to discern the intent of the legislature. State v. Gaines, 346 Or. 160, 171, 206 P.3d 1042 (2009); PGE v. Bureau of Labor and Industries, 317 Or. 606, 610, 859 P.2d 1143 (1993). To do so, we begin with an examination of the text of the statute, in context, which is "the best evidence of the legislature's intent." PGE, 317 Or. at 610, 859 P.2d 1143.
ORS 419C.450, which governs restitution in juvenile delinquency cases, provides, in part:
"(1)(a) It is the policy of the State of Oregon to encourage and promote the payment of restitution and other obligations by youth offenders as well as by adult offenders. In any case within the jurisdiction of the juvenile court pursuant to ORS 419C.005 in which the youth offender caused another person any physical, emotional or psychological injury or any loss of or damage to property, the victim has the right to receive prompt restitution. The district attorney shall investigate and present to the court, prior to or at the time of adjudication, evidence of the nature and amount of the injury, loss or damage. If the court finds from the evidence presented that a victim suffered injury, loss or damage, in addition to any other sanction it may impose, the court shall:
"(A) Include in the judgment a requirement that the youth offender pay the victim restitution in a specific amount that equals the full amount of the victim's injury, loss or damage as determined by the court[.]"
(Emphasis added.)
ORS 419C.450 does not define "victim" or "restitution." But another statute, ORS 419A.004, defines terms for the Juvenile Code, and it provides, in part:
"As used in this chapter and ORS chapters 419B and 419C, unless the context requires otherwise:
"* * * * *
"(23) `Restitution' has the meaning given that term in ORS 137.103."
ORS 137.103, in turn, defines terms for the Criminal Code's restitution statutes, and it provides, in part:
"As used in ORS 137.101 to 137.109, 161.675 and 161.685:
"* * * * *
"(3) `Restitution' means full, partial or nominal payment of economic damages to a victim. * * *
"(4) `Victim' means:
"(a) The person against whom the defendant committed the criminal offense, if the court determines that the person has suffered economic damages as a result of the offense.
"(b) Any person not described in paragraph (a) of this subsection whom the court determines has suffered economic *80 damages as a result of the defendant's criminal activities.
"(c) The Criminal Injuries Compensation Account, if it has expended moneys on behalf of a victim described in paragraph (a) of this subsection.
"(d) An insurance carrier, if it has expended moneys on behalf of a victim described in paragraph (a) of this subsection."
To summarize, under ORS 419C.450(1)(a), a "victim" in a juvenile delinquency case has the right to receive prompt "restitution." ORS 419C.450 does not define "victim" or "restitution," but ORS 419A.004(23) provides that, unless the context requires otherwise, "`[r]estitution' has the meaning given that term in ORS 137.103." In turn, ORS 137.103(3) provides that "`[r]estitution' means full, partial or nominal payment of economic damages to a victim." Notably, the definition of "restitution" includes the term "victim," and "victim" is definedfor the purposes of the Criminal Code's restitution statutes, including the definition of "restitution" in ORS 137.103(3)to include insurance carriers and the account. ORS 137.103(4)(c), (d).
Thus, the legislature has incorporated ORS 137.103(3)'s definition of "restitution" into the Juvenile Code, and that definition contains specially defined terms, including "victim." We conclude that, when the legislature incorporated the definition of "restitution," it incorporated the whole definition, including the statutory definitions of its component parts. To conclude otherwise would be inconsistent with the legislature's expressed intent that the term "restitution" has the same meaning in the criminal and juvenile codesthat is, "restitution" would mean payment of economic damages to one group in the Criminal Code, and payment of economic damages to a different group in the Juvenile Code.
Nevertheless, youth argues that, for the purpose of restitution, the term "victim" does have different meanings in the criminal and juvenile codes. Youth acknowledges, as he must, that the Juvenile Code does not specifically define the term "victim" for the purpose of restitution. Youth asserts that "[t]he definition of `victim' for the purposes of juvenile restitution * * * is embedded in the juvenile restitution statute," ORS 419C.450(1)(a). Youth relies on the portion of that statute that provides:
"In any case within the jurisdiction of the juvenile court pursuant to ORS 419C.005 in which the youth offender caused another person any physical, emotional or psychological injury or any loss of or damage to property, the victim has the right to receive prompt restitution."
ORS 419C.450(1)(a).
As we understand it, youth's argument is that, for the purpose of restitution in a juvenile delinquency case, a "victim" is a "person" who has suffered "any physical, emotional, or psychological injury or any loss of or damage to property" as a result of a youth's conduct. Youth emphasizes that ORS 419C.450(1)(a) uses the term "person," a term which, in youth's view, does not apply to insurance carriers or the account.[1]
*81 We do not understand the language on which youth relies to define the term "victim." It does not do so expressly, and there is no reason for it to be interpreted as doing so when, as discussed above, the term "restitution" itself includes the specially defined term "victim." Instead, we read the language on which youth relies as creating a condition precedent to an award of restitution: that a person suffers injury or loss of or damage to property. If that condition is satisfied, then a juvenile court can award restitution to a "victim," as defined by ORS 137.103(4), including to an insurance carrier or the account. Therefore, if, as here, a person has suffered an injury caused by a youth offender and an insurance carrier or the account has expended money on behalf of that person, then a juvenile court can order the youth to pay restitution to the insurance carrier or the account.
Accordingly, the trial court did not err in awarding restitution to the account and the insurance carrier in this case.
Affirmed.
NOTES
[1] Youth argues that his definition of "victim," which he finds embedded in ORS 419C.450(1)(a), is consistent with ORS 419A.004(31), the definition of "victim" for purposes of the Juvenile Code. That statute provides, in part:

"`Victim' means any person determined by the district attorney, the juvenile department or the court to have suffered direct financial, psychological or physical harm as a result of the act that has brought the youth or youth offender before the juvenile court. When the victim is a minor, `victim' includes the legal guardian of the minor. The youth or youth offender may not be considered the victim. When the victim of the crime cannot be determined, the people of Oregon, as represented by the district attorney, are considered the victims."
ORS 419A.004(31) was added to the Juvenile Code in 2007 as part of a bill to incorporate procedures to protect victims' constitutional rights in juvenile delinquency cases. HB 2127 (2007). It is a general definition and it applies "unless the context requires otherwise." ORS 419A.004. Here, we conclude that the context does require otherwise. As discussed above, the Juvenile Code expressly incorporates the Criminal Code's definition of "restitution," which, in turn, includes a special definition of "victim." That statutory framework has been in place since 1993. Or. Laws 2009, ch. 33, § 2. Nothing in the text of ORS 419A.004(31), HB 2127, or its legislative history indicates that the general definition in ORS 419A.004(31) was intended to alter our understanding that the definition of "victim" in ORS 137.103(4) applies in this context and, to conclude otherwise, would have the effect of limiting those who could be awarded restitution in juvenile delinquency cases.