IN THE TAX COURT OF THE
STATE OF OREGON

POLK COUNTY

*v.*

DEPARTMENT OF REVENUE

*and*

CAPITAL MANOR, INC.,
*Intervenor*
(TC 4226)

David Doyle, Polk County Legal Counsel, Dallas, represented Plaintiff (county).

Joseph Laronge, Assistant Attorney General, Department of Justice, Salem, filed an answer but did not further argue the cause for Defendant (the department).

James C. Griggs, Saalfield, Griggs, Gorsuch, Alexander & Emerick, Salem, represented Intervenor, (taxpayer).

Decision for Intervenor rendered May 26, 1998.

**CARL N. BYERS, Judge.**

This matter is before the court on Intervenor's Motion for Partial Summary Judgment. There is no dispute of fact, and the single legal issue is one of statutory construction. In general terms, Intervenor's motion seeks a declaration that assessment of homes for the elderly under ORS 308.490[1] is not limited to homes that serve low income or poor people.

## FACTS

Intervenor is a nonprofit home for the elderly. Plaintiff concedes that Intervenor is a corporation described by ORS 307.375, a necessary condition for special assessment under ORS 308.490. Plaintiff's complaint is that Intervenor's residents are not needy. In Plaintiff's view, Intervenor serves the monetarily successful elderly. Plaintiff contends that ORS 308.490 is limited to homes that furnish care to elderly persons for whom the state and its political subdivisions might be responsible.

ORS 308.490(1) provides:

"The Legislative Assembly finds that ordinary methods of determining the real market value of real property, particularly by consideration of the cost of replacing a structure with a similar and comparable one of equivalent utility, are not appropriate with respect to property of nonprofit homes for elderly persons, operated by corporations described in ORS 307.375. The Legislative Assembly declares that the benefits inherent in operation of these homes, *especially in the housing and care furnished to elderly persons for whom this state and its political subdivisions otherwise might be responsible,* justifies the use of criteria set out in subsection (2) of this section." (Emphasis added.)

Plaintiff relies upon legislative history in contending that the above statute adopts a means test for obtaining special assessment. However, the Oregon Supreme Court has made clear that when construing a statute, this court may consider legislative history only if the statute is ambiguous. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 859 P2d 1143 (1993). The text and context of ORS 308.490 is not

---

[1] All references to the Oregon Revised Statutes are to 1995.

ambiguous. Moreover, the language relied upon by Plaintiff is more a statement of policy than law. Omitting that language leaves: "the Legislative Assembly declares that the benefits inherent in operation of these homes, * * * justifies the use of criteria set out in subsection (2) of this section." That language neither imposes a condition nor provides any benefits. It simply declares the legislature's judgment.

Similarly, the language that Plaintiff contends imposes a means test is not a condition for obtaining any benefit. The words "especially in the housing and care furnished to elderly persons for whom this state and its political subdivisions otherwise might be responsible" are merely a dependent clause, which describes a special benefit. It is not exclusive nor conditional.

Finally, the court cannot conclude that the legislature intended to impose a means test because the words used do not constitute a meaningful standard. Any elderly person "might" become a responsibility of the state. As Intervenor points out, four of its residents have outlived their savings, and Intervenor will have to subsidize them for the rest of their lives. If the legislature intended to impose some minimal test, surely it would have so stated. The legislature may have been concerned with more than just being responsible for the cost of an elderly person's care. It may have been equally concerned about encouraging nonprofit homes for the elderly in order to assure an adequate number of facilities.

Plaintiff concedes that it has not addressed the practical issue of determining how many "needy" elderly residents a facility would have to qualify in order for the facility to qualify. All of the above points simply indicate that the legislature did not intend to impose a means test in providing for the assessment of homes for the elderly under ORS 308.490. Now, therefore,

IT IS ORDERED that Intervenor's Motion for Partial Summary Judgment is granted.