IN THE TAX COURT OF THE
STATE OF OREGON

THERMAL GRAPHICS, INC.,
dba Pioneer Helicopters

*v.*

DEPARTMENT OF REVENUE

(TC 4240)

Jill Johnson, President of Thermal Graphics, appeared *pro se.*

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented Intervenor (department).

Decision for Plaintiff rendered November 4, 1998.

## CARL N. BYERS, Judge.

Plaintiff (taxpayer) appeals the 1995-96 assessed value of an aerial camera that is installed on a helicopter. Taxpayer claims the property is exempt as part of the aircraft. The Department of Revenue (department) found it was taxable personal property and upheld the assessment. The matter is now before the court on cross motions for summary judgment.

### FACTS

Taxpayer owns and operates a Bell Helicopter Textron, Model 206B3 (helicopter). The aircraft is registered with the State of Oregon, and taxpayer has paid the registration fee required by ORS 837.045.[1] The helicopter is used to fight forest fires, and the camera was installed to assist in that function. The camera is an EOS 2606 (IRIS), designed and operated as part of a gimbal assembly, which absorbs shock or vibrations and keeps the camera aimed steady. The gimbal assembly is mounted on the helicopter's airframe. It appears, from the FAA Form 337 attached to the Complaint, that installation constitutes a "major repair and alteration," requiring certification that it complies with all airworthiness requirements of the FAA.[2] The subject property was installed

---

[1] All references to the Oregon Revised Statutes are to 1993.

[2] A minor change is defined as "one that has no appreciable effect on the weight, balance, structural strength, reliability, operational characteristics, or other characteristics affecting the airworthiness of the product." (FAA Airworthiness Inspector's Handbook, Regulations Section 21.93(a).)

by a Texas company that certified that it was done in accordance with FAA requirements. Installation included electrical power wiring so that the assembly is powered by the helicopter. The gimbal assembly is not removable without a log-book entry. Because the weight of the assembly affects the balance and performance of the aircraft, there is now a sign on the aircraft that indicates "WITH GIMBAL ASSY INSTALLED MAX. AIRSPEED 90 KNOTS."

## ISSUE

Is the camera part of the aircraft and thus exempt from ad valorem taxation?

## ANALYSIS

ORS 308.558(4) provides:

"Any aircraft that is required to be registered under ORS 837.040 for all or any part of the calendar year is exempt from ad valorem property taxation for the tax year beginning in the calendar year."

Whether the property in question is exempt as part of the aircraft is a question of legislative intent. That intent is to be discerned from the statute, looking first to its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The term "aircraft" is not defined by the tax and revenue laws of the State of Oregon. However, it is defined for purposes of aeronautics regulations in ORS 836.005(2) as:

"* * * [A]ny contrivance used or designed for navigation of or flight in the air, but does not mean a one-person motorless glider which is launched from the earth's surface solely by the operator's power."

Although this definition is not in the context of the tax laws, it is the best indication of the legislature's concept of an aircraft.

The county assessor initially classified the camera as fixed-load equipment under ORS 801.285 and concluded that it was taxable. However, at the administrative hearing, the department correctly found that a helicopter is not a fixed-load vehicle. ORS 801.590 defines "vehicles" in terms of

devices that move upon the public highways. The department nevertheless found that the property was taxable because a camera is not a necessary part of the helicopter that needs to be registered.

■ Given the nature of the subject property and the definition of ORS 836.005(2), the court finds that the camera is part of the aircraft and exempt from ad valorem taxation. As indicated, the property has been permanently installed on the helicopter. It has become a permanent part of the helicopter even though a piece can be removed. Except for its function, the camera is no different from a wheel or other part of an airplane which can be readily removed for service or adaptation. It is a limited-function device and can only be used as part of and in conjunction with an aircraft. Due to the extent and nature of attachment, and its limited use, the court finds that the device loses its identity as a separate piece of property and becomes part of the aircraft. As such, it is "used or designed for navigation of or flight in the air."

The department argues that the court should look to the fixed-load vehicle statute to discern legislative intent. That is, the legislature exempted registered motor vehicles from taxation but subjected fixed-load equipment to taxation. Therefore, by analogy, the legislature intended to exempt registered aircraft but not to exempt equipment used by the aircraft. The department distinguishes between equipment used to assist the aircraft in its flight as opposed to equipment used to accomplish some other purpose such as communication or transportation. In short, the department would argue that if tools on wheels are not exempt, then tools on wings should not be exempt.

■ ■ While this argument has much inherent appeal, there is no principled basis for applying it. Fixed-load vehicles and associated equipment are subjected to property taxation because a specific statute so provides. ORS 801.285; ORS 803.585. The court notes that many fixed-load vehicles are also exempted from registration. No statute specifically addresses "fixed-load aircraft." The fixed-load vehicle statute is not *in pari materia* with ORS 308.558(4). In the absence of any statute, the court cannot create one. ORS 174.020.

■ Surely the legislature recognized that when it provided for registration of aircraft, there would be many types

of equipment, accessories, or implements installed in such aircraft for a wide variety of purposes. If the legislature intended to distinguish between equipment used to assist flight and equipment used to perform some other function, it could have made that distinction. It did not. Therefore, where aircraft equipment (which is not useable except in connection with the operation of an aircraft) is installed on an aircraft, it loses its separate identity. It becomes part of the aircraft, and when it is later removed, it is an aircraft part just as a wheel, seat, or other removable part.

■     As used in ORS 308.558(4), the term aircraft is a broad concept that does not distinguish between equipment designed to help it fly and equipment designed to accomplish other functions. Accordingly, the subject property is exempt from ad valorem taxation. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is denied. Costs to neither party.