Argued and submitted November 6, 1997; reassigned February 3, decision of the
Court of Appeals reversed and case remanded to the Court of Appeals for further
proceedings April 9, 1998
See 156 Or App 311, 965 P2d 433 (1998)

D.E. (Gene) PENLAND,
Cathy Penland, Enid Madding,
Ray Ritchey, Lucy Ritchey,
Ken Goodrich, Leola Goodrich,
Richard Vischer, Pam Vischer,
Ron Danyluk, Sue Danyluk,
William Bushnell, Judy Bushnell,
Roger Barklow, Shirley Barklow,
Dave Price, Linda Price,
Chuck King, Wanda King,
Gordon Hewlett, and Amelia Hewlett,
*Petitioners on Review,*

*v.*

REDWOOD SANITARY SEWER
SERVICE DISTRICT,
a municipal corporation,
*Respondent on Review.*

(CC 94-CV-0209; CA A90247; SC S44152)

956 P2d 964

John R. Huttl, of Frohnmayer, Deatherage, Pratt, Jamieson & Clarke P.C., Medford, argued the cause and filed the brief for petitioners on review.

James H. Boldt, Grants Pass, argued the cause and filed the brief for respondent on review.

Kathryn H. Clarke, Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

GILLETTE, J.

---

** Fadeley, J., retired on January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision.

**GILLETTE, J.**

This is an action by plaintiffs, property owners in Josephine County, to enjoin defendant, Redwood Sanitary Sewer Service District (the District), a municipal corporation, from composting sewage material at its neighboring sewage treatment plant. The only issue before the court concerns the validity of the District's "discretionary function" immunity defense to the action, which the District asserts under the Oregon Tort Claims Act (OTCA), ORS 30.265.(3)(c).[1] The trial court rejected that defense and, having found that the composting operation constitutes a nuisance, issued an injunction.

On the District's appeal, the Court of Appeals reversed, holding that the District was entitled to prevail on a "discretionary function" immunity defense under the OTCA. *Penland v. Redwood Sanitary Sewer Service Dist.,* 146 Or App 225, 934 P2d 434 (1997). We allowed plaintiffs' petition for review, and conclude that the "discretionary function" immunity provision of the OTCA is inapplicable in actions for injunctions. We therefore reverse the decision of the Court of Appeals and remand the case to that court for consideration of the District's other assignments of error.

The facts of the case that are pertinent to the issue before the court are not in dispute and are taken in large part from the opinion of the Court of Appeals. In 1990, the District began a relatively large scale operation at its sewage treatment plant to transform sewage sludge, a condensed form of sewage that is the ordinary by-product of a sewage treatment plant, into compost. The compost ultimately is sold to the public as a soil amendment called Jo-Gro.[2]

The process of turning sludge into compost generates hydrogen sulfide, which can cause headaches, nausea,

---

[1] The property owners also urge the court to consider whether the Court of Appeals' application of the OTCA's discretionary immunity provision to the facts of this case results in the taking of their property without just compensation in violation of Article I, section 18, of the Oregon Constitution. That issue was not raised below and, therefore, is not preserved for review.

[2] Before the composting operation, the District disposed of the sludge by trucking it away from the treatment facility.

and throat problems. Beginning in late 1991, plaintiffs began to notice excessive noise, odor, and dust, which they associated with the composting operation. In February 1992, they began to complain to the District about the problems and, in response, the District undertook several remediation measures. The neighboring property owners, however, found those measures to be inadequate.

The complaints continued and, in early 1994, the District's board of directors appointed a nine-member *ad hoc* citizen's committee to recommend further mitigation measures. The committee made various recommendations, which were then reviewed by the District's manager at the board's request. The manager, in turn, sent the District a report based on the committee's recommendations in which he accepted some of the committee's recommendations and rejected others in an effort to balance the need to reduce the impact of the operation on the neighborhood with the need to minimize capital and operating costs. The District's board of directors voted to approve the manager's report and the mitigation measures recommended therein were implemented.

Plaintiffs remained unsatisfied. They filed the present action to enjoin the composting operation at the sewage treatment plant. Their complaint alleged that the operation created a nuisance by generating excessive odor, noise, and dust, thereby interfering with the reasonable use and enjoyment of their properties. The District denied that the operation created a nuisance and argued that, even if it did, the balance of the equities favored allowing the operation to continue. Alternatively, the District asserted that plaintiffs' claims are based on the District's performance of a "discretionary function" and, therefore, that the District is immune from a claim under the OTCA.

As noted, the trial court found that the composting operation does create a nuisance and that it substantially and unreasonably interferes with the property owners' use and enjoyment of their land. The trial court rejected the District's immunity defense, finding that the board merely rubber-stamped the manager's decision to adopt various mitigation measures and never made an independent decision of its own. Based on its finding that plaintiffs were entitled to

prevail on the nuisance claim, the trial court issued an injunction.

In its appeal to the Court of Appeals, the District assigned error to the trial court's finding of nuisance, to its failure to find that the balance of the equities favored the continued operation of the composting operation, and to its failure to accept the District's OTCA discretionary function immunity defense. The Court of Appeals considered only the latter argument, holding that the OTCA controls. 146 Or App at 233.

In making its ruling, the Court of Appeals first rejected plaintiffs' argument that the OTCA cannot be read to confer immunity in nuisance actions, because there was no governmental immunity for nuisance actions before the enactment of the OTCA. *Ibid.* It then reviewed the elements of a discretionary function immunity defense as set out in this court's case law and concluded that the District's choice to adopt certain mitigation measures and reject others, rather than to move the compost operation elsewhere, was "the essence of immunized discretion." 146 Or App at 235. Because of its ruling on the immunity defense, the Court of Appeals did not address the District's assignments of error relating to the trial court's nuisance finding.

■    ORS 30.265 provides, in part:

"(1)    Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598.

"* * * * *

"(3)    Every public body and its officers, employees and agents acting within the scope of their employment or duties, or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598, are immune from *liability* for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

(Emphasis supplied.) Not surprisingly, the parties disagree whether the District met the prerequisites for immunity under ORS 30.265(3)(c). A basic assumption underlying the parties' arguments and the decisions of both the trial court and the Court of Appeals is that, *if* the District is immune from *liability* under the OTCA for its actions in creating a nuisance, then it also is immune from an action for an *injunction* to stop the nuisance activity. We reject the validity of that assumption.

ORS 30.265(1) provides that "every public body is subject to action or suit for its torts." "Tort" is defined in ORS 30.260(8) as the breach of a legal duty which results in injury and for which "the law provides a civil right of action for damages *or for a protective remedy*." (Emphasis supplied.) Thus, the OTCA permits public bodies to be sued in tort for monetary damages as well as to be subject to actions for injunctions, while the immunity clause in ORS 30.265(3)(c), provides that the public body is "immune from liability" for torts in various situations, without defining the term "liability." Whether the phrase "immune from liability" in ORS 30:265(3)(c) encompasses immunity from an action for an injunction is a matter of statutory interpretation.

In resolving that question, our task is to determine the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). At the first level of analysis, we examine the text and context of the provision as the best evidence of the legislature's intent. *PGE*, 317 Or 610-11. Context includes other provisions of the same statute and other related statutes. *PGE*, 317 Or at 611. In the court's consideration of the context of a statute, the court follows rules of construction that bear directly on the statutory provision in context. *Ibid*. One rule pertinent to our inquiry here is that the same term in the same statute generally has the same meaning throughout the statute. *Ibid*. If the legislature's intent is clear after the

first level of examination, further inquiry is unnecessary. *Ibid.*

In this case, when the phrase "immune from liability" is viewed in context, it is clear that the legislature intended to limit the scope of the immunity conferred to immunity from monetary or financial liability. It did not contemplate that public bodies also would be immune from actions for injunctions and similar nonmonetary remedies. In the other sections of the OTCA in which the term "liability" appears, that term plainly refers specifically to financial or monetary liability. For example, ORS 30.270 provides various dollar limitations on the "liability" of a public body or its officers, employees, or agents for claims authorized under the OTCA. *See Griffin v. Tri-Met*, 318 Or 500, 508-09, 870 P2d 808 (1994) (so indicating with respect to use of word "liability" in former version of that statute). In addition, ORS 30.282 provides that the "governing body of any local public body may procure insurance against liability of the public body and its officers, employees and agents" or, instead, may self-insure against such liability. In neither of these sections can the term also be read to encompass injunction actions. At the same time, no other provision of the OTCA suggests that the term "liability" in the immunity clause should be read to encompass anything *other* than monetary liability.

Based on the foregoing examination of the text of the statute and of the context in which that statute appears, we are satisfied that the meaning of the statute is clear. We hold that ORS 30.265(3)(c) confers immunity on public bodies only from liability for damages and does not confer immunity from injunction actions.

It follows that, whether or not the District has met all of the prerequisites for discretionary function immunity so as potentially to immunize the District from "liability" for monetary relief for creating and maintaining a nuisance, the District has no immunity from an action brought by neighboring property owners to enjoin its continuing operation of *that nuisance.* The contrary decision of the Court of Appeals was error.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.