Argued and submitted October 4, reversed and remanded December 27, 2006

In the Matter of a Protective Order for
Jean Marie Primrose.

## CAT CHAMPION CORPORATION,
*Appellant,*

*v.*

## Jean Marie PRIMROSE,
*Respondent.*

21840; A131082

149 P3d 1276

Margaret H. Leek Leiberan argued the cause for appellant. With her on the brief was Mason & Associates.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Linder* and Wollheim, Judges.

_____

* Linder, J., *vice* Richardson, S. J.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner Cat Champion Corporation appeals from the trial court's order denying its petition for a limited protective order regarding respondent's cats under ORS 125.650. Cat Champion assigns error to the court's determination that it lacked statutory authority to enter the protective order. We review *de novo* a trial court's decision to appoint a fiduciary under ORS chapter 125. ORS 19.415(3). *See Grimmett v. Brooks*, 193 Or App 427, 429, 89 P3d 1238 (2004) (applying *de novo* review to the trial court's order appointing a conservator under ORS chapter 125). To the extent that the trial court's denial of Cat Champion's petition was a legal conclusion that it lacked statutory authority to enter the order, we review the court's interpretation of ORS chapter 125 for errors of law. *See Shin v. Sunriver Preparatory School, Inc.*, 199 Or App 352, 372, 111 P3d 762, *rev den*, 339 Or 406 (2005) (questions of statutory interpretation are reviewed for errors of law). We hold that the trial court erred in concluding that it lacked statutory authority to enter the order. We reverse the trial court's order, and remand for entry of the protective order.

The facts are undisputed. In July 2004, the Linn County Sheriff's Department responded to a veterinarian's report that respondent Jean Marie Primrose was neglecting her cats. When the sheriff's deputies arrived at Primrose's trailer, they found thin, underfed, and filthy cats that were missing patches of hair. The deputies seized 11 cats and relinquished custody of the animals to Cat Champion, a non-profit organization that is dedicated to the rescue and rehabilitation of cats.

As a result of that incident, Primrose was charged with criminal animal neglect in the second degree, ORS 167.325. In January 2005, the trial court dismissed those charges after a psychological evaluation concluded that Primrose was unable to aid and assist in her own defense, due to her cognitive impairment.

Dismissal of the criminal charges placed Cat Champion in a difficult position. Cat Champion has maintained custody and care of Primrose's 11 cats since they were seized

in 2004. Through the time that Cat Champion filed its petition, it had incurred expenses in the amount of $32,510 to provide food, veterinary care, and boarding for the cats. Pursuant to ORS 87.159, Cat Champion has a lien for its reasonable expenses in caring for the animals and can retain possession of the cats until Primrose satisfies that debt. However, because Primrose was not convicted of a crime for mistreating the cats, they were not forfeited, ORS 167.350(1), and Primrose remains their rightful owner. As a result, unless the court enters an order to the contrary, Cat Champion lacks statutory authority to permanently place the cats in adoptive homes. Without such an order, Cat Champion has two options: It can keep the cats and continue to incur a debt against Primrose for its expenses in caring for them; or it can return the cats to Primrose, who Cat Champion believes is incapable of properly caring for the animals.

In July 2005, Cat Champion sought to remedy the situation by filing a petition for a limited protective order regarding Primrose's cats pursuant to ORS 125.650. Cat Champion asked the court to appoint it as Primrose's fiduciary for the "limited purpose of providing for the continued physical care and the legal, permanent placement of [Primrose's] cats." In essence, Cat Champion sought authority to permanently place Primrose's cats in adoptive homes. Cat Champion asserts that a protective order is in Primrose's best interest, because it has agreed to first apply any adoption fees it collects against Primrose's $32,510 debt and then to forgive the remaining debt.

Although Primrose did not appear in response to Cat Champion's petition, after having been served with summons, the court refused to issue the requested order because it was "unpersuaded that such an Order [was] authorized by existing law." The court concluded that "nothing in ORS Chapter 125 authorizes this Probate Court to permanently divest Ms. Primrose of her personal property, to-wit: her cats."

On appeal, Cat Champion asserts that the court erred in construing ORS 125.650. It argues that ORS 125.650 grants the court authority to enter a protective order and to appoint Cat Champion as a fiduciary for the limited purpose

of permanently placing Primrose's cats in adoptive homes. We agree.

ORS 125.650 provides, in part:

"(1) The court may enter protective orders without the appointment of a fiduciary or in addition to appointment of a fiduciary. A petition for a protective order that does not seek the appointment of a fiduciary is subject to all requirements prescribed for petitions for appointment of a fiduciary. A court may enter a protective order other than appointment of a fiduciary only upon a determination that *grounds exist for the appointment of a fiduciary*.

"(2) In issuing protective orders under this section, the court may exercise any power that could be exercised by a guardian or conservator in a protective proceeding, or any power that could be exercised by the court in a protective proceeding in which a fiduciary is appointed.

"* * * * *

"(4) The court may appoint a fiduciary whose authority is limited to a specified time and whose power is limited to certain acts needed to implement the protective order. A fiduciary appointed under this subsection need only make such report to the court as the court may require."

(Emphasis added.)

Pursuant to ORS 125.650(1), the court has authority to enter a protective order only if it finds that "grounds exist for the appointment of a fiduciary," even if the court does not appoint a fiduciary. Determining what is required to establish that "grounds exist for the appointment of a fiduciary" under ORS 125.650 is a question of statutory construction which requires that we discern the legislature's intent. To ascertain the legislative intent of the statute, we apply the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Pursuant to that methodology, we begin by analyzing the text of the statute in context and, if necessary, resort to legislative history and maxims of statutory construction. *Id.*

We start with the text of ORS 125.650, which allows the court to enter a protective order only if "grounds exist for the appointment of a fiduciary." However, the statute does

not specify what factual findings the trial court is required to make to determine whether those grounds exist.

To answer that question, we turn to other provisions in ORS chapter 125, which provide context for ORS 125.650. *See PGE*, 317 Or at 611 (explaining that, at the first level of statutory analysis, the court considers both the text and context of the statute at issue). We start with the statutory definition of "fiduciary," ORS 125.005(2), which defines a fiduciary as "a guardian or conservator appointed under the provisions of this chapter or any other person appointed by a court to assume duties with respect to a protected person under the provisions of this chapter." Another provision, ORS 125.010(3), defines four types of fiduciaries:

> "The court may appoint any of the following fiduciaries in a protective proceeding:
>
> "(a)   A *guardian*, with the powers and duties specified in this chapter.
>
> "(b)   A *conservator*, with the powers and duties specified in this chapter.
>
> "(c)   A *temporary fiduciary*, with the powers and duties specified in this chapter.
>
> "(d)   Any other *fiduciary necessary to implement a protective order* under ORS 125.650."

(Emphasis added.)

As discussed above, ORS 125.650 does not specify what grounds are required to appoint the fourth type of fiduciary. Accordingly, before the court can enter a protective order under ORS 125.650, subsection (1) of that statute requires the court to find that "grounds exist for the appointment" of either (a) a guardian, ORS 125.305; (b) a conservator, ORS 125.400; or (c) a temporary fiduciary, ORS 125.600.

Once a court determines that grounds exist for the appointment of a fiduciary under ORS 125.650(1), it may enter a protective order with or without appointing a fiduciary. ORS 125.650(1). If the court decides to appoint a fiduciary, it can "appoint a fiduciary whose authority is limited to * * * certain acts needed to implement the protective order." ORS 125.650(4). The protective order can encompass *"any*

power that could be exercised by a guardian or conservator in a protective proceeding." ORS 125.650(2) (emphasis added).

In this case, Cat Champion filed a petition for a limited protective order pursuant to ORS 125.650. The petition stated that Cat Champion did not seek appointment as Primrose's guardian or conservator. Instead, Cat Champion asked the court to appoint it as the fourth type of fiduciary, ORS 125.010(3)(d), a "fiduciary necessary to implement a protective order." Its petition requested that the court appoint Cat Champion as a "fiduciary for the limited purpose of providing continuing care for Respondent's cats while determining the best legal, permanent placement for the cats[.]"

We must then assess whether "grounds exist for the appointment of a fiduciary." ORS 125.650(1). The legislature intended that "grounds exist for the appointment of a fiduciary" if the requirements to appoint either a guardian, conservator, or temporary fiduciary are met. Here, in its petition for a limited protective order, Cat Champion seeks to exercise a power of a conservator, because conservators manage the real and personal property of protected persons. *See* ORS 125.420 - 125.450 (describing the powers and duties of a conservator). Accordingly, ORS 125.650(1) requires the court to decide whether Cat Champion established grounds for the appointment of a conservator.

The requirements for appointing a conservator are found in ORS 125.400, which provides, in part:

> "[T]he court may appoint a conservator and make other appropriate protective orders if the court finds by clear and convincing evidence that the respondent is a minor or financially incapable, and that the respondent has money or property that requires management or protection."

ORS 125.400 requires the court to find two elements by clear and convincing evidence before it can appoint a conservator: (1) the respondent is either a minor or financially incapable; and (2) the respondent has money or property that requires management or protection. In this case, because Primrose is not a minor, the court must find by clear and convincing evidence that (1) Primrose is financially incapable

and (2) Primrose has money or property that requires management or protection.

ORS 125.005(3) defines financially incapable as

"a condition in which a person is unable to manage financial resources of the person effectively for reasons including, but not limited to, mental illness, mental deficiency, physical illness or disability, chronic use of drugs or controlled substances, chronic intoxication, confinement, detention by a foreign power or disappearance. 'Manage financial resources' means those actions necessary to obtain, administer and dispose of real and personal property, intangible property, business property, benefits and income."

A psychological evaluation of Primrose conducted by Dr. Gary E. Nielsen, concluded that

"[s]he is not capable of caring for herself or her cats on her own without assistance. * * * *She will require ongoing assistance in all aspects of her life.*"

(Emphasis added.)

The fact that Primrose will require "ongoing assistance in all aspects of her life" includes assistance in managing her financial affairs. That psychological assessment is sufficient to establish by clear and convincing evidence that Primrose is unable to manage her financial resources and thus is financially incapable within the meaning of ORS 125.005(3).

The second requirement, that Primrose has money or property that requires management or protection, is also satisfied. Primrose's personal property, the cats, requires both management and protection. The cats require protection such as housing, feeding, and veterinary services. The cats also require management because Primrose is continuously incurring costs while the cats are in Cat Champion's care and the impact of that mounting debt is to decrease the value of Primrose's estate. Thus, Cat Champion satisfied the requirements for a protective order under ORS 125.650(1) by establishing both elements required to appoint a conservator.

Because "grounds exist for the appointment of a fiduciary" under ORS 125.650(1), we turn to ORS 125.650(2),

which allows the court to enter a protective order. In entering a protective order, the court may exercise *"any* power that could be exercised by a * * * conservator." ORS 125.650(2) (emphasis added). One of a conservator's powers is to "dispose of an estate asset * * * wherever situated for cash or on credit, at public or private sale." ORS 125.445(7). Cat Champion's petition falls squarely within that power, because Cat Champion intends to "dispose" of Primrose's cats by permanently placing them in adoptive homes. In addition, ORS 125.650(4) allows the court to appoint a fiduciary whose power is limited to implementing the protective order. Therefore, the trial court erred in concluding that it lacked statutory authority to enter the order.

In denying Cat Champion's petition, the trial court was hesitant to permanently divest Primrose of her cats; it stated "the authority of the Probate Court in this situation [is] limited to care and protection of Ms. Primrose's property." While we agree with the court that it has a duty to protect Primrose's property, in some situations, such as here, protecting property means more than just holding the property for safekeeping. Each day that the cats remain in Cat Champion's care the expenses incurred in caring for them increase, and thus the debt owed by Primrose also increases. The end result is that Cat Champion seeks to protect Primrose's interests as well as its own.

In conclusion, we find that the court has authority pursuant to ORS 125.650 to enter a limited protective order regarding permanent placement of Primrose's cats into adoptive homes and that the court has authority to appoint Cat Champion as a fiduciary under ORS 125.650(4) for the limited purpose of implementing that protective order. We reverse the court's order, and remand for entry of the protective order.

Reversed and remanded.