John P. PRAHAR,
Dan Neal and Charles Lave
*v.*
DEPARTMENT OF REVENUE
(TC 3629)

Dan Neal, Eugene, represented plaintiffs.

Joseph Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered February 16, 1995.

**CARL N. BYERS, Judge.**

Plaintiffs appeal the disqualification of the subject property from designated forestland special assessment for the 1993-94 tax year.

Plaintiff Neal testified that four or five years ago plaintiffs purchased 39.23 acres of zoned forestland in Coos County, approximately two miles northeast of the City of Bandon. At that time a portion of the property fronted a paved road but there were no roads into the property. Plaintiffs were impressed with the value of the timber relative to the overall purchase price of the property. The predominant species growing on the property are Douglas fir and Port Orford cedar.

Sometime in 1991 plaintiffs applied to Coos County to change the zoning for the subject 39.23 acres from forest-land to rural residential 5-acre minimum. The application submitted by plaintiffs represented that the existing use was as a "residence" and that the subject land was:

"[S]urrounded by Rural Residential zoned land which is built and committed. * * * Subject parcel zone of Forest interferes with the permitted uses of other nearby parcels and lots."

The application set forth reasons why it is "not feasible to continue managing the property as commercial forest land" and represented that the land was less than marginal forestland.

Coos County enacted an ordinance changing the zoning of the subject property. In doing so it made relevant findings. For example, it found:

"[F]orest uses on the subject property are impracticable because of the existing rural residential uses of other properties in the adjacent area * * *."

It concluded that:

"[T]he property is irrevocably committed to uses other than those allowed by Goal 4."[1]

Those findings and conclusions were based at least in part upon the applicants' (plaintiffs') proposed findings and conclusions, one of which was:

"The standing Douglas Fir on the subject property is marginally merchantable and shows a slow current growth rate. Improvement in growth rate would require commercial thinning. The area is subject to winter windstorms that are known to destroy thinned stands on hardpan soils near the coast. Port-Orford Cedar makes up a third to half of the stocking. The cedar trees are smaller in diameter than the Douglas Fir and also badly infected with *Phytophthora* root rot which kills the tree. The existing inventory of cedar on the tract is expected to continue to decline as the disease spreads. Underbrush in the subject area is dense."

---

[1] Statewide Planning Goal 4, Forest Lands, sets forth the criteria for changes to the comprehensive plan and zoning designation of property from Forest to Rural Residential.

Subsequent to the zone change, plaintiffs partitioned and sold two 5-acre parcels. The following year plaintiffs partitioned two more 5-acre parcels and offered them for sale.

Upon discovery of the above facts, the Coos County assessor disqualified the land as designated forestland and notified the plaintiffs. Plaintiffs timely appealed from the Notice of Disqualification to defendant. After an administrative hearing, defendant sustained the action of the assessor, and plaintiffs filed their complaint in this court.

ORS 321.257(3) defines "forestland" as:

> "[L]and in western Oregon (a) which is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland or (b) the highest and best use of which is the growing and harvesting of such trees."

To obtain forestland designation the owner makes application to the county assessor. ORS 321.358. Once designated, the land continues to be assessed as forestland until it is disqualified under one of the conditions in ORS 321.359. The condition that is applicable in this case is: "Discovery by the assessor that the land is no longer forestland; * * *." ORS 321.359(1)(b)(C).

The issue presented by plaintiffs' appeal is whether the subject property was being held or used for the predominant purpose of growing and harvesting trees of a marketable species.

■ The legislative forestland tax policy is to avoid yearly ad valorem levies on trees and land which is "managed in sustained yield timber operations." ORS 321.259(1). The legislature has determined that timber should be treated as a crop and not as real property. ORS 321.259(3).

■ The wording of ORS 321.259(3), defining forestland, suggests that the predominant purpose is a long-term purpose. The terms "held or used" suggests that it is not necessarily current use which controls. It is possible for land with no current use or with another current use to be held for future forest use and qualify as forestland. In a converse situation, land with trees on it, but which is being held for

residential purposes or development, is not necessarily forestland.

The undisputed evidence indicates that plaintiffs made great effort to have all of the subject land approved for residential use. They represented that the current use was not forestland and that it was not suitable as forestland. Consistent with those representations, plaintiffs partitioned 20 of the 39.23 acres into four 5-acre parcels for residential use. It is noteworthy that recording of a subdivision plat under ORS chapter 92 automatically disqualifies land for forestland designation, (ORS 321.359(1)(b)(D)), but partitioning, which is limited to two or three parcels per year, does not. ORS 92.010(7).

Although the last two lots partitioned by plaintiffs are part of the subject appeal, plaintiff Neal conceded at trial that those two lots no longer qualify. Plaintiffs seek only to maintain forestland designation on the remaining 18 acres. The remaining 18 acres have not been partitioned or developed. Plaintiffs, however, have constructed a road to the 18 acres which is substantially wider and better than a logging road and therefore suitable for development.

Based on the evidence, the court finds that the subject property was not being held or used for the predominant purpose of growing and harvesting trees of a marketable species. The preponderance of the evidence indicates that the predominate purpose was to hold the land for future residential development. The fact that trees of marketable species may be growing on the property and may be harvested does not make the land forestland. Department's Opinion and Order No. 93-3791 is sustained. Judgment will be entered accordingly. Defendant to recover costs and disbursements.