DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

David D. RANKIN
and K. Dianne Rankin,
*Defendants.*

(TC 4596)

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Plaintiff (the department).

David D. Rankin and K. Dianne Rankin, Defendants (taxpayers) filed a response and argued the cause *pro se.*

Decision for Plaintiff rendered June 26, 2003.

### HENRY C. BREITHAUPT, Judge.

Plaintiff Department of Revenue (the department) appeals from a decision of the Magistrate Division finding that the property of Defendants David and K. Dianne Rankin (taxpayers) qualifies for forest deferral.

## I. FACTS

The following facts are summarized from the Stipulation of Facts filed by the parties with the court. Taxpayers own 117.67 acres of land along the south inlet of South Slough on the Siuslaw River in western Lane County. At issue in this appeal are tax lots 700 and 1001 hereinafter the subject property.[1] The parties have agreed that the real market value of the subject property is $1,280.

The Lane County Assessor notified taxpayers by letter dated May 8, 2001, that the subject property had been declassified from forest deferral pursuant to ORS 321.359(1)(b)(C).[2] It is undisputed that taxpayers' property east of the railroad right-of-way is forestland, as defined by ORS 321.257(4) (2001),[3] and is not at issue in this case. The subject property is tideland, covered by commingled salt and fresh water twice a day. A railroad right-of-way separates the forested portion of taxpayers' overall property from the tideland portions. Water and mud surround the subject property at low tide and water surrounds the subject property at high tide. Trees cannot be grown on the subject property, except

---

[1] As to tax lot 700, only the 7.9 acres west of the railroad right-of-way are at issue. Tax lot 1001 is 6.78 acres and is also located west of the railroad right-of-way. The total acreage at issue is 14.68 acres.

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 1999.

[3] ORS 321.257 was amended during the 1999 session of the Oregon Legislative Assembly by House Bill 3575. Oregon Laws 1999, chapter 1078, section 13 states that "[t]he amendments to ORS 321.257 * * * apply to privilege tax reporting periods beginning on or after January 1, 2001, and property tax years beginning on or after July 1, 2001."

The amendment, however, does not change the definition of "forestland." *See* Or Laws 1999, ch 1078, § 12.

for an occasional tree in close proximity to the railroad right-of-way.

## II.   ISSUE

Is property that is covered by commingled salt and fresh water twice daily an "isolated opening * * * necessary to hold the surrounding forestland in forest use through sound management practices" so as to qualify for forest deferral as forestland pursuant to ORS 321.257(3)?

## III.   ANALYSIS

To determine whether the subject property meets the definition of forestland, the court will apply the method of statutory construction set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The starting point is the text of ORS 321.257(3) and the context of that statute, including other provisions of the same and related statutes. *Id.* at 610-11 (citations omitted).

■     To qualify for special forestland assessment pursuant to the Western Oregon Forestland and Privilege Tax,[4] property must be designated as forestland. *See* ORS 321.358 (requiring application for designation as forestland). ORS 321.257(3) defines "forestland" as:

"[L]and in western Oregon (a) which is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland or (b) the highest and best use of which is the growing and harvesting of such trees. Trees of a marketable species may vary in different areas in western Oregon and may change as the utilization of forest trees changes. The size, age, location, quality and condition of trees do not necessarily determine marketable species. **Forestland often contains isolated openings which because of rock outcrops, river wash, swamps, chemical conditions of the soil, brush and other like conditions prevent adequate stocking of such openings for the production of trees of a marketable species. If such openings in their natural state are necessary to hold the surrounding forestland in forest use through sound management practices, they are deemed forestland.**

---

[4] *See* ORS 321.257 to 321.390.

Forestland does not include buildings, structures, machinery, equipment or fixtures erected upon, under or above the soil, but does include roads described in ORS 308.236."

(Emphasis added.)

■ Property is "designated" as forestland upon written application by a property owner to the county assessor. ORS 321.258. Forestland designation will not be granted by the assessor unless the property is held or used for the predominant purpose of growing and harvesting trees or the property otherwise qualifies within the statutory definition. ORS 321.257(3). Land previously designated as forestland will be disqualified in the event the assessor discovers that the property no longer meets the statutory definition. ORS 321.359(1)(b)(C).

The department argues that the definition of forestland in ORS 321.257(3) is focused on maximizing timber production and only land that "either grows trees or is in some way beneficial to the growing of trees" qualifies as forestland under the statute. The department asserts the statutory definition of forestland and the context of related statutes support a narrow construction of forestland: a construction that excludes taxpayers' property from qualifying as forestland.

The context of the definition of forestland set forth in ORS 321.257(3) includes ORS 321.259 and ORS 321.262. The legislative findings set forth in ORS 321.259 focus on the taxing policies of the state with respect to timber and forestland management. Those policies seek to "encourage production of forest resources for commerce, recreation and watersheds, stabilize employment levels, prevent large population shifts and encourage millage of timber products within Oregon." ORS 321.259(2). Further, timber is treated as a long-term crop and forestland is taxed "based on the value of the forestland in timber production, and the majority of the tax * * * [is] imposed at the time of harvest." ORS 321.259(4), (5). The department argues that the statutory findings demonstrate a legislative intent that the definition of forestland is to be narrowly construed, focusing on property that either grows trees or is necessary to the production of timber as a crop for harvest.

Taxpayers point to ORS 321.262(2)(c) as support for their position that the subject property should be classified as forestland. ORS 321.262 sets forth the purposes of the Western Oregon Forest and Privilege Tax scheme. That statute recognizes the long-term nature of the forest crop and encourages growth and harvest of timber. ORS 321.262(2)(a). Further, the privilege tax scheme is said to promote the state's forestry policy including "the restocking of forestlands * * * enhancing the water supply, preventing erosion, providing habitat for wildlife * * * and providing for needed products." ORS 321.262(2)(c).

Taxpayers also argue that Department of Forestry statutes, such as portions of the Oregon Forest Practices Act[5] and related administrative rules, support their position that the subject property qualifies as forestland under ORS 321.257(3). Taxpayers urge the court to consider statutes such as ORS 527.630(1) and ORS 527.710(2) and (3), which form part of the Oregon Forest Practices Act, as part of the context of the definition of forestland in ORS 321.257(3). Taxpayers appear to do this because the forestry statutes make reference to the effect of forest practices on water, estuaries, and tidelands. Additionally, taxpayers point to management practices specified in related administrative rules as additional support for their position that the subject property qualifies for forestland designation for tax purposes.[6]

The essence of taxpayers' position is that when designating property as forestland pursuant to ORS 321.257(3), the assessor should consider and apply not only the statutory definition of ORS 321.257(3), but the definitions and regulations that apply to forestland pursuant to the forestry statutes and administrative rules. The department contends that the definition of forestland and the context of the forestland taxation statutes do not extend to statutes and administrative rules governing the Department of Forestry.

---

[5] See ORS 527.610 to 527.770, ORS 527.990(1), and ORS 527.992.

[6] Taxpayers' memorandum directed the court to the following administrative rules: OAR 629-600-0100, OAR 629-680-0310, OAR 629-645-0000, OAR 629-605-0140, and OAR 629-605-0170.

The question of whether taxation statutes should be coordinated with other statutory schemes dealing with similar subjects has previously been considered in the context of land use statutes. In *Springer v. LCDC*, 111 Or App 262, 826 P2d 54 (1992), *rev den*, 313 Or 354 (1992), the issue before the court was whether preferential tax assessment programs administered by the Department of Revenue, such as farm use and forestland statutes, affect land use and therefore are subject to the requirements of ORS 197.180(1).[7]

Focused on the juxtaposition of land use and tax laws, the *Springer* decision aptly captured the difficulty of coordinating statutes with similar subject matter but different purposes.

> "[G]overnment programs that affect land use are not subject to the land use laws if the fundamental purposes of the programs would be frustrated by attempting to coordinate them with land use requirements or if the primary objectives of the programs are so different from the land use requirements that an attempt at coordination would result in sacrificing those primary objectives to an incidental effect."

*Id*. at 267. The court concluded that the tax statutes governing farm use and forestland are distinct from the land use laws of the state and held that, although the tax and land use laws deal with similar subjects, the administration of the laws was not intended to be coordinated. *Id*. at 268.

■    It is true, as taxpayers assert, that the forestland taxation statutes at issue in this case and the Department of Forestry statutes, such as the Oregon Forest Practices Act, relate to similar general subject matter. However, the statutory schemes have different purposes, definitions, eligibility requirements, and enforcement mechanisms. *Compare* ORS 321.257(3) (defining forestland for purposes of the revenue statutes) *with* ORS 527.620(7) (defining forestland for purposes of the forestry statutes). It is particularly important that the definition of "forestland" in the forestry statutes

---

[7] ORS 197.180(1) provides that government programs that affect land use are subject to the state's land use laws. Pursuant to the statute, state agencies are required to administer programs that affect land use in compliance with specified land use goals, comprehensive plans, and land use regulations.

applies "regardless of how the land is zoned **or taxed**." ORS 527.620(7) (emphasis added). That statutory provision makes clear the legislature did not intend the forestry and tax definitions of "forestland" to be congruent.

The forestry statutes and administrative rules taxpayers urge the court to consider establish the state's policies and regulations with respect to forest management. However, as to land within or adjacent to forestland, those statutes have a different focus than the forestland tax statutes. The forestry statutes and rules focus on preserving forestland. The statutes also focus on the effects of use of forestland on other natural resources and protection of waterways and riparian areas. *See* OAR 620-635-0100 (establishing the purpose and goals for the water protection rules of the Oregon Department of Forestry). The nonforestland is the beneficiary of the forestland regulation program.

■ In contrast, the forestland tax assessment statutes are directly concerned with what effects nonforested lands, such as isolated openings, might have on the forestland, not with the effects of forestland on nonforested areas. *See Prahar v. Dept. of Rev.*, 13 OTR 232, 234 (1995) (discussing forestland tax policy as promoting growth of timber as crop). In order to qualify as an isolated opening, the nonforested property must be surrounded by forestland **and** necessary to sustain the surrounding forestland in forest use. ORS 321.257(3). To the extent the definition of forestland includes nonforested areas, such as isolated openings, the focus of the statute is on benefits those areas provide **to the forestland**, not on benefits the forestland provides to the nonforested areas.

The subject property is located nearby other property owned by taxpayers that the parties agree qualifies as forestland for purposes of assessment and taxation. As tideland, the subject property may be properly considered as part of the estuary of the south inlet of the south slough of the Siuslaw River and it may benefit from the provisions of the general forestry statutes.[8] The forestry statutes might

---

[8] Taxpayers describe the property as an estuary in their Response To Memorandum In Support Of Motion For Summary Judgment filed with the court.

impose some limitations on the activities taxpayers choose to undertake on their other forested property so as to not adversely impact the subject tideland property. That linkage does not, however, make the tideland necessary to hold the forestland in forest use. Proximity alone does not result in the subject property being necessary to hold the nearby forestland in forest use as required by the tax statutes. No showing has been made that the tideland or estuary is necessary to the forestland. The fact that some uses of the forestland could affect the tideland does not make the tideland necessary to the forestland.

## IV. CONCLUSION

Applying the definition of forestland pursuant to ORS 321.257(3) to the subject property, it is the conclusion of the court that the subject property does not qualify as forestland. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted. Costs to neither party.