Argued and submitted October 6, 2008, affirmed May 20, 2009

Laurel A. GREENE,
individually,
and on behalf of all other persons similarly situated,
*Plaintiff-Respondent,*

*v.*

SALOMON SMITH BARNEY, INC.,
aka Smith Barney, Inc.,
*Defendant,*

*and*

CITIGROUP GLOBAL MARKETS, INC.,
aka Salomon Smith Barney, Inc.,
a foreign corporation,
*Defendant-Appellant.*

Multnomah County Circuit Court
050201824; A135348

209 P3d 333

John F. Neupert argued the cause for appellant. With him on the briefs were John F. Neupert, P.C., J. Michael Porter, and Miller Nash LLP.

Jacqueline L. Koch argued the cause for respondent. With her on the brief were J. Dana Pinney and Bailey, Pinney & Associates.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff initiated this case as a class action under ORCP 32. Plaintiff, a former employee of defendant Salomon Smith Barney, Inc. (Smith Barney), contends that Smith Barney wrongfully withheld wages owed to her and to others similarly situated after their employment ended. Smith Barney moved to compel arbitration pursuant to a provision in its employment agreement with plaintiff. The trial court deferred ruling on Smith Barney's motion until the issue of class certification was resolved. Initially, the trial court denied class certification. However, it determined that additional class discovery was necessary and declined to rule on the arbitration motion until that was completed. Thereafter, the court granted leave to plaintiff to amend her complaint and certified classes as to three counts in the amended complaint. Subsequently, it denied, in part, Smith Barney's motion to stay the case and to compel arbitration. Smith Barney appeals that order pursuant to ORS 36.730. We affirm.

On appeal, Smith Barney makes three assignments of error: (1) the trial court erred in failing to grant Smith Barney's motion to compel arbitration once it denied plaintiff's original motion for class certification; (2) the trial court erred in denying Smith Barney's motion to strike plaintiff's motion to amend her complaint and her motion for partial summary judgment; and (3) the trial court erred in ruling that plaintiff had satisfied the notice requirement in ORCP 32 H.

The relevant facts are not in dispute. Plaintiff filed this class action on February 18, 2005, alleging that defendant had violated ORS 652.140.[1] Defendant filed a motion to stay the case and compel arbitration based on arbitration agreements that plaintiff had signed in connection with her employment. The agreements provide for arbitration of individual claims but not for class action cases or claims. The

---

[1] ORS 652.140 provides, in part:

"(1) When an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination."

court deferred ruling on the motion to compel arbitration. It explained:

"[H]aving [precertification] discovery occur, and then making a determination about whether to certify a class is a necessary predicate to determining whether the matter needs to be sent to arbitration.

"* * * I am exercising my discretion not to rule on the motion to compel arbitration at this point, because I think we all agree. You have said as much. If it's certified as a class then the arbitration agreement would not compel arbitration. So I think we need to know that."

On January 27, 2006, plaintiff filed her initial motion for class certification. The trial court issued a letter ruling to the effect that plaintiff had failed to satisfy some of the requirements to maintain a class action, and, on April 14, 2006, the court signed an order denying class certification. On June 8, 2006, before ruling on Smith Barney's motion to compel arbitration, the court entered a second order[2] clarifying that the denial of "class certification" was "conditional" under ORCP 32 C(1), in that it contemplated plaintiff being able to fully engage in the precertification discovery that had previously been ordered. Because it determined that the contemplated discovery had not occurred, the court ordered the discovery to be completed and ruled that Smith Barney's motion to compel arbitration would remain under advisement.

Following completion of the contemplated discovery, Smith Barney filed a renewed motion to compel arbitration, and plaintiff sought to amend her complaint to bring additional class claims against defendant and again requested the trial court grant class certification. Smith Barney then sought to strike plaintiff's motion to amend her complaint based on its pending motion to compel arbitration and, when that motion was denied, filed a response substantively opposing the motion for class certification. Following a hearing, the trial court issued a letter opinion and entered orders permitting plaintiff to amend her complaint, granting plaintiff's motion to certify a class as to several of plaintiff's claims, denying plaintiff's motion to certify a class as to other claims,

---

[2] Although the June 8, 2006, order is in the form of a letter, it was entered in the trial court register and orders relief.

granting Smith Barney's motion to compel arbitration as to the claims for which class certification was denied, and denying Smith Barney's motion to compel arbitration of the claims for which class certification was granted.

■ ORS 36.730 governs when an appeal may be taken under the above circumstances.[3] By its terms, ORS 36.730 does not authorize an appeal from a pretrial order granting class certification. Accordingly, Smith Barney's third assignment of error (that the trial court incorrectly concluded that plaintiff had satisfied the notice requirement of ORCP 32 H) is not reviewable. In contrast to the third assignment of error, Smith Barney's first and second assignments of error are based on the premise that the trial court failed to summarily grant its motions to compel arbitration and, therefore, the court erred in denying those motions. The court's decision not to immediately rule on the motions to compel arbitration resulted in the court's denial of arbitration with respect to the claims that were certified as class action claims and, therefore, we conclude it is reviewable under ORS 36.730.

On appeal, Smith Barney argues that the trial court granted plaintiff's motion to amend her complaint and her second motion for class certification in error because the court "ignored the plain and mandatory language of ORS 36.625(1)(b), which requires a court 'summarily to decide' the issue and 'order the parties to arbitrate' if there is an enforceable arbitration agreement." Thus, the question we must decide is whether the court acted "summarily" under the above-described circumstances, as required by ORS 36.625.

■ As noted, it is undisputed that the arbitration agreements in this case do not provide for arbitration of class

---

[3] ORS 36.730 provides:

"(1) An appeal may be taken from:

"(a) An order denying a petition to compel arbitration.

"(b) An order granting a petition to stay arbitration.

"(c) A judgment entered pursuant to ORS 36.600 to 36.740, including but not limited to a judgment:

"(A) Confirming or denying confirmation of an award.

"(B) Modifying or correcting an award.

"(C) Vacating an award without directing a rehearing.

"(2) An appeal under this section must be taken as provided in ORS chapter 19."

action claims. Rather, only individual claims brought by plaintiff against defendant are governed by the agreements. Before it may compel arbitration, a court must determine that "the particular type of controversy between the parties is within the scope of that agreement." *Industra / Matrix Joint Venture v. Pope & Talbot*, 341 Or 321, 331, 142 P3d 1044 (2006); *see Dex Media, Inc. v. National Management Services*, 210 Or App 376, 381, 150 P3d 1093, *rev den*, 342 Or 644 (2007); *see also Snow Mountain Pine, Ltd. v. Tecton Laminates Corp.*, 126 Or App 523, 529, 869 P2d 369, *rev den*, 319 Or 36 (1994) (court will compel arbitration unless the arbitration clause does not cover the dispute at issue). Because plaintiff's original complaint brought only class claims that were not subject to arbitration, it was necessary for the court to resolve whether the case could proceed as a class action before it could determine whether to compel arbitration. Arbitration would have been proper only if the class action claims could not be properly certified.

In that light, the outcome of this appeal is controlled by the interplay of two rules of law: ORCP 32, which governs the procedure in class actions, and ORS 36.625, which governs petitions to compel arbitration. ORS 36.625 provides:

"(1) On petition of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:

"* * * * *

"(b) If the refusing party opposes the petition, the court shall proceed *summarily* to decide the issue as provided in subsection (8) of this section and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."

(Emphasis added.) According to Smith Barney, the term "summarily" in ORS 36.625(1)(b) means that the court was required to immediately order the case to arbitration once it entered the order denying plaintiff's initial motion for class certification. To determine the legislature's intent in that regard, we employ the framework set out in *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) and *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), by examining the text and context of the statute.

■ ORS 36.625 does not provide a definition of the word "summarily." In our analysis of the text and context of the statute, we therefore turn to the common meaning of the word. The ordinary meaning of the word "summarily" is "in a summary manner or form ‹was ~ relieved of his command› ‹the case was tried ~ without a jury - O. W. Holmes * * *›." *Webster's Third New Int'l Dictionary* 2289 (unabridged ed 2002). "Summary," in turn, means "done * * * without delay or formality" or "of, relating to, or using a summary proceeding or procedure." *Id.*; *see also Black's Law Dictionary* 1476 (8th ed 2004) ("[w]ithout the usual formalities; esp., without a jury"). Additionally, we note that the language in ORS 36.625 is imported from section 7 of the Uniform Arbitration Act (UAA), as adopted by the legislature in 2003. Or Laws 2003, ch 598. The comment to section 7 of the UAA specifically states that the term "summarily" as used therein "has been defined to mean that a trial court should act expeditiously and without a jury trial to determine whether a valid arbitration agreement exists." UAA § 7 comment (2000). That meaning is consistent with the ordinary meaning of the word as set forth above. Thus, we conclude that the word "summarily," as it is used in ORS 36.625, means that the court must decide the issue of arbitrability expeditiously and without a jury.

■ Having identified the meaning of the word "summarily" as used in ORS 36.625, we turn to the question of whether the court ruled "summarily" in resolving defendant's motions to compel arbitration. It is undisputed that the court made its decision pretrial and before a jury had been impaneled. In that sense, it could be concluded that the court ruled "summarily." However, the court did not decide whether arbitration should be compelled immediately after the motions on that issue were filed. Instead, the court permitted discovery of matters relating to class certification and declined to decide the arbitration question until that discovery was completed. It is those circumstances on which Smith Barney focuses in support of its argument that the trial court failed to rule "summarily" as the statute requires.

In our view, Smith Barney's argument frames the issue of whether, by amending its order denying class certification and making the denial conditional pending further

discovery, the court exceeded its authority under ORS 36.625(1)(b). If the legislature contemplated that the denial of class certification could be conditional, then it would be consistent with its use of the word "summarily" that the legislature did not intend to prohibit a court from exercising that authority as part of a summary proceeding.

ORCP 32 C(1) provides:

> *"As soon as practicable* after the commencement of an action brought as a class action, the court shall determine by order whether and with respect to what claims or issues it is to be so maintained and shall find the facts specially and state separately its conclusions thereon. *An order under this section may be conditional, and may be altered or amended before the decision on the merits."*

(Emphasis added.) Based on the above language, it is apparent that ORCP 32 C(1) grants broad authority to trial courts to make rulings in class actions that can be tailored to the practical needs of individual cases and to a variety of circumstances. Smith Barney's proposed interpretation of ORS 36.625 and ORCP 32 is inconsistent with that view. Such an interpretation would deprive courts of the authority expressly granted by ORCP 32 C(1). We conclude, therefore, that the trial court was authorized to make the denial of class certification conditional in order to ensure that an adequate record was in place before making a final decision on the issue. *See also Joachim v. Crater Lake Lodge*, 48 Or App 379, 393, 617 P2d 632, *rev den*, 290 Or 211 (1980) (trial courts have wide latitude in matters of judicial administration).

Nonetheless, Smith Barney counters that "the court's order on April 14, 2006, was not conditional by its terms." However, we are not aware of any general rule of law that prohibits a court from *sua sponte* modifying an order that is absolute in its terms to an order that is conditional in its terms. Indeed, courts generally have inherent authority to modify their orders during the pendency of a proceeding, and here, the trial court had not yet ruled on Smith Barney's motion to stay the pendency of the case and to compel arbitration when it modified its certification order. *See Patrick v. State of Oregon*, 178 Or App 97, 103-04, 36 P3d 976 (2001) (discussing the trial courts' historical inherent authority to

modify orders and judgments and the impact of ORCP 71 on that authority with respect to judgments).

We conclude for the above reasons that, when it deferred ruling on Smith Barney's motion to compel arbitration until after certain discovery had occurred and the issue of class certification was finally resolved, the trial court proceeded "summarily" within the contemplation of ORS 36.625(1)(b). Similarly, the granting of plaintiff's motion to file an amended complaint did not exceed the court's authority.

Affirmed.