Argued and submitted August 12, 2010, affirmed May 25, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## AMY E. TYSON,
*Defendant-Appellant.*

Malheur County Circuit Court
07068615C2; A139425

259 P3d 64

Jesse Wm. Barton argued the cause and filed the briefs for appellant.

Robert M. Atkinson, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals from a judgment, following a jury trial, convicting her of one count of using a child in a display of sexually explicit conduct, ORS 163.670; one count of second-degree sodomy, ORS 163.395; two counts of first-degree sexual abuse, ORS 163.427; and one count of second-degree rape, ORS 163.365. We reject all but one of defendant's numerous assignments of error without discussion, writing only to address her contention that the trial court erred in denying her motion for judgment of acquittal on the charge of using a child in a display of sexually explicit conduct. We reject that contention and, accordingly, affirm.

The pertinent facts are few. Defendant and her husband engaged in a series of sexual acts with a 13-year-old child. Also, they each observed the other engaging in sexual contact with the child during the course of those encounters. In addition, defendant's husband instructed the child regarding how to engage in certain sexual acts with defendant, and the child then did as instructed. Defendant moved for a judgment of acquittal with respect to the charge of using a child in a display of sexually explicit conduct, contending that she could not be convicted of that crime "[b]ecause the only other observer of the sexual activity was a participant in the sexual activity[.]" The trial court denied the motion, and defendant ultimately was convicted of that charge, among others.

On appeal, defendant renews the arguments that she made before the trial court. She asserts that ORS 163.670 "does not apply to participants in an activity that is not disseminated by performance or recording." According to defendant, because her husband was the other person who observed defendant's sexual conduct with the child, and because he was also a participant in the sexual activity, ORS 163.670 does not apply. The state, on the other hand, asserts that, by its unambiguous text, "the statute applies whenever one person sexually abuses a child and *any* other person is permitted to observe."

Defendant's contention about the application of ORS 163.670 presents a question of statutory construction. Accordingly, we examine the text of the statute in context

and in light of any pertinent legislative history proffered by the parties in order to determine the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). In construing a statute, we give words of common usage their "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

ORS 163.670(1) makes it unlawful to use a child in a display of sexually explicit conduct. That statute provides:

> "A person commits the crime of using a child in a display of sexually explicit conduct if the person employs, authorizes, permits, compels or induces a child to participate or engage in sexually explicit conduct *for any person to observe* or to record in a photograph, motion picture, videotape or other visual recording."[1]

(Emphasis added.) The purpose of the series of statutes of which ORS 163.670 is a part is to prevent "the underlying harm caused by child sexual abuse." *State v. Stoneman*, 323 Or 536, 547, 920 P2d 535 (1996). The statute does not restrict its reach to observation only by people who have not also participated in sexually explicit conduct with the child nor to conduct that is visually recorded. Rather, the statute makes it unlawful to compel or induce a child to participate in sexually explicit conduct for *any person* to observe. *See Webster's Third New Int'l Dictionary* 97 (unabridged ed 2002) (the plain meaning of "any" includes "one, no matter what one : EVERY"); *id.* ("anyone" means "any person indiscriminately"); *see also Fleming v. United Services Automobile Assn.*, 329 Or 449, 456, 988 P2d 378 (1999) ("any" may be used synonymously with "every"); *Lesser v. Great Lakes*

---

[1] Pursuant to ORS 163.665(3),

" 'Sexually explicit conduct' means actual or simulated:

"(a) Sexual intercourse or deviant sexual intercourse;

"(b) Genital-genital, oral-genital, anal-genital or oral-anal contact, whether between persons of the same or opposite sex or between humans and animals;

"(c) Penetration of the vagina or rectum by any object other than as part of a medical diagnosis or treatment or as part of a personal hygiene practice;

"(d) Masturbation;

"(e) Sadistic or masochistic abuse; or

"(f) Lewd exhibition of sexual or other intimate parts."

*Casualty Co.*, 171 Or 174, 184, 135 P2d 810 (1943) ("The words 'any person or persons' are most comprehensive and unambiguous." (Internal quotation marks omitted.)). Accordingly, when, as here, a person engages in sexually explicit conduct with a child for another person to observe (whether or not that other person also has engaged in such conduct with the child and whether or not the conduct is recorded), that conduct comes directly within the statute's scope.

Defendant nonetheless contends that the legislative history supports her view that ORS 163.670 does not apply to an observer who also has participated in the sexually explicit conduct. Specifically, defendant points to the fact that the statute was enacted "as section 3 of Senate [B]ill 375 (1985)" and that bill was entitled "[r]elating to child pornography." *See* Or Laws 1985, ch 557, § 3. In addition, defendant points to other legislative history stating that the bill was proposed to fight "child pornography," Staff Measure Analysis, Senate Judiciary Committee, SB 375 (1985), and "expand[ed] the coverage of the statute to include persons who authorize or permit a child to engage in [sexual] conduct for others to view or record[,]" Staff Measure Analysis, House Judiciary Committee, SB 375 (1985). According to defendant, in light of the references to "pornography," and the plain meaning of that term—"a depiction (as in writing or painting) of licentiousness or lewdness : a portrayal of erotic behavior designed to cause sexual excitement[,]" *Webster's* at 1767—the statute cannot encompass the type of observation at issue here. We disagree.

To begin with, contrary to defendant's view, the legislative history to which defendant refers actually suggests an intention to encompass conduct like that at issue here. It refers directly to persons who authorize or permit a child to engage in sexual conduct for others to view, indicating that the statute was intended to apply to conduct viewed by a person who was actually present. Further, even assuming that the title of the bill imparts any information about the legislature's intent as to the meaning of the statutory language, the use of the term "pornography" in the legislative history does not undermine our conclusion. Although that term may refer to a written or visual depiction of sexual conduct, as defendant points out, it is also broad enough to include acts

done before a live observer to cause sexual excitement. *See Webster's* at 1767; *see also id.* at 1769 ("portray" means "enact"). That the sexually explicit conduct was done for the observation of a person who also sexually abused the child is of no import.

In all events, even if we agreed with defendant that the legislative history was inconsistent with the statute's plain meaning, "legislative history cannot substitute for, or contradict the text of, [a] statute." *White v. Jubitz Corp.*, 347 Or 212, 223, 219 P3d 556 (2009). Given that the statute clearly encompasses the conduct at issue, and no latent ambiguity is suggested by the legislative history, *see Gaines*, 346 Or at 172-73, defendant's contentions are unavailing. We see no indication that the legislature intended to preclude the statute from applying when a person both observes and engages in sexually explicit conduct with a child. Indeed, all indications are to the contrary.

Here, defendant engaged in sexually explicit conduct with a child while her husband watched (and at times directed), and he engaged in conduct that she watched. Thus, defendant compelled or induced a child to engage in sexually explicit conduct with her "for any person"—in this case, her husband—to observe. The statute, by its terms, encompasses defendant's conduct and, accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.